PARKER *v.* McALLISTER.

Where a contract for the sale and conveyance of land provided that the first payment of the purchase-money should be made "by the first day of *August*," it was held that an offer to pay on the 31st day of *July*, was not premature. The language quoted is equivalent to "on or before," &c.

Where, by the terms of a contract for the sale and conveyance of land, the payment of the first installment of the purchase-money was to precede the execution of the deed, but the vendor refused to receive the money and exe-

cute the deed, a complaint by the vendee for specific performance, is not bad for not containing an averment of a tender of the notes and mortgage for the subsequent installments.

An action for the specific performance of such a contract, must be commenced in the county where the land is situate.

Where the answer in such an action set up the tender of a deed, and set forth a copy of it, a demurrer upon the ground that the wife of the vendor was not joined, was held bad, because it was not shown that he had a wife. That fact should be affirmatively shown by a reply.

A contract to make a deed or to convey, implies that the conveyance shall give the vendee a sufficient title, in view of the provisions of the statute defining what a deed must contain.

Nov. Term,<br>1859.<br><br>PARKER<br>v.<br>McAllister.

APPEAL from the *Dearborn* Circuit Court.

Saturday,<br>December 24.

HANNA, J.—The complaint avers that the parties, on the 17th day of *February*, 1857, made a written agreement, by which *Parker* agreed to "sell and convey" to *McAllister* a certain described tract of land for 889 dollars; "88 dollars, 90 cents, with interest, to be paid by the 1st of *August*, 1857," the balance in nine annual payments, to be secured by mortgage, &c.; said *McAllister* to have immediate possession, and "when the first payment is made said *Parker* to deed said land to said *McAllister*."

It is further averred that, "on the 31st day of *July*, 1857, the plaintiff called on the defendant and offered to pay him the full amount of the first payment, &c.; that the defendant refused to accept the payment, and positively declared that he never would convey said land to the plaintiff; that afterwards, on the 1st day of *August*, the plaintiff prepared nine notes and a mortgage, &c., and went to the house, being the place of business of the defendant, to deliver them and make said payment, but could not find said defendant; "that he is, and always has been, ready to comply," &c.

The complaint was demurred to, and the demurrer overruled, which raises the first point to be decided.

It is insisted that the offer to perform was not sufficient, because it was prematurely made.

As the agreement provided that the first payment should be made "by the first of *August*," the averment of the offer to pay on the 31st of *July*, was sufficient. *Barbee* v.

*Inman*, 4 Blackf. 420. The language used is equivalent to an express undertaking that the payment should be made on or before the first day of *August*. The party in this case who was to make the payment, had the election as to the time, within the stated limit, at which the payment should be made.

In the case of *Reed* v. *Rudman*, 5 Ind. R. 409, relied upon by the appellant, the election was with the party who was to make the deed, and therefore he had the full time to perform the act, and, if necessary, perfect his title. He might, perhaps, in that case, have tendered a deed before the last day, and demanded the consideration.

The second cause of demurrer is, that there is no averment of a tender of the notes and mortgage on the 31st of *July*.

By the terms of the contract, the payment of the first installment was to precede the execution of a deed by the vendee. The making of the deed was the next thing in order; for regularly no mortgage could be made by the vendee until the vendor had passed the title to him. As the vendor refused to accept the money, and, so far as he could, repudiated the contract, the tender of a mortgage could not be made; for the vendee had no legal title to the land to mortgage.

The third, fourth, fifth, sixth, and seventh causes of demurrer assigned, are disposed of in what has been already said upon the first and second.

The eighth cause is, that the Courts in *Dearborn* county had no jurisdiction of the case, as the land sold was situated in *Franklin* county, as shown by the complaint.

It is urged that a decree for the specific performance of this contract, and the conveyance of said land, although formerly a transitory action, is now local under the 2 R. S. p. 33, § 28, which is, that an action must be commenced in the county in which the subject of the action, &c., is situated:

"*First*. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest," &c.

It is said this suit will determine the right or interest of the parties to the land named in the contract. It has been decided that such an action as this "operates upon the person, and may be instituted in any county where the contractor resides." *Coon* v. *Cook*, 6 Ind. R. 270. That case is relied upon by the appellee as decisive. We do not so consider it. The record in that case shows that it was instituted and decided before the present statute was in force. It has been decided in the Superior Court of the city of *New York*, under a statute precisely similar to ours, except that the word *tried* is employed instead of the word *commenced*, that the action is local. *Ring* v. *Mc Coun*, 3 Sandf. 528. The change of the single word, if it has any effect, would, according to the reasoning of that case, make the action more certainly local under our statute. This case was referred to approvingly, though the point was not directly involved, in the case of *Newton* v. *Bronson*, 3 Kern. 592, by the Court of Appeals of *New York*.

The defendant answered—first, a general denial; second, third, fourth, fifth, sixth, and seventh, raising the same questions that were raised by the demurrer, and have been already considered.

The eighth paragraph averred that on the 14th day of *August*, the defendant, being the owner of said land, prepared a deed therefor in pursuance to said contract, and tendered the same to the plaintiff, and demanded the first payment, and that said mortgage and notes to secure the balance of the purchase-money should be executed, &c., and offered to pay the costs that had then accrued in this case, but that the plaintiff refused, &c. The deed mentioned in said paragraph is set forth in the record, by order of the Court, upon oyer craved by plaintiff, and is in the form of a quitclaim of the right, &c., of said vendor.

The plaintiff demurred to the said paragraph of the answer, because, first, it does not contain covenants of warranty, &c.; second, because the wife of said *Parker* did not join, &c., nor is it alleged he had no wife, &c. The demurrer was sustained.

As to the last cause assigned, it is not well taken. The

Nov. Term, 1859.

record does not show that *Parker* had a wife. If such was the fact, it should have been affirmatively shown by reply.

As to the sufficiency of the deed upon the other point, we think that the contract to make a "deed" and to "convey," meant and implied that it should be such a deed and conveyance as would give the vendee a sufficient title in view of the provisions of the statute which defines what is necessary to be contained in a deed. But for the reasons above given the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*T.* and *C. Gazlay*, for the appellant.

*P. L.* and *B. J. Spooner*, for the appellee.