*R. A. Chandler*, for appellant.

----------◇-◦◆-▸----------

### DEHART *v.* DEHART.

In the year 1851, the appellee filed in the Probate Court, her petition, or bill in chancery, showing, that in consideration of the release by her of a dower estate in certain lands, her son had agreed to convey to her a life estate in certain other lands ; that she had been put in possession, and made improvements, and that he had died without making such conveyance ; prayer for a specific performance.

*Held*, that the proceeding was essentially one in chancery, and that, as a Court of equity, the Probate Court had jurisdiction.

*Held*, also, that the suit was properly brought in the county where the defendant resided, though the land was in another county.

APPEAL from the *Tippecanoe* Probate Court.

WORDEN, J.—*Ann Dehart* filed her petition, or bill in chancery, in the Court below, in 1851, alleging, in substance, that her husband died seized of certain lands in the county of *Tippecanoe*, in which she was entitled to dower. That her son, *John Dehart*, the heir of her deceased husband, then owning certain land in *Boone* county, describing it, and being desirous of selling the said land in *Tippecanoe* county, agreed with her, that if she would execute a deed to one *Fiddler* (to whom the said *John* was desirous of selling), relinquishing her right of dower in the land in *Tippecanoe* county, he would convey to her a life estate in his said land in *Boone* county. That she accordingly executed the deed, and that *John* put her in possession of the *Boone* county land, and that she has ever since been in the possession thereof, and has made valuable improvements thereon. That *John* died, without having conveyed to her the life estate in the *Boone* county land, and without making any provision therefor. That he left surviving him, a widow, who is made a defend-

Nov. Term,
1860.

DEHART
v.
DEHART.

ant, and against whom a default was taken, and the appellant, *Margaret F. Dehart*, who was an infant.

Prayer for specific performance of the contract, which, upon the final hearing, was decreed. *Margaret F. Dehart*, the other defendant, by her guardian, appeals, and assigns two errors; *first*, that the Court below had no jurisdiction over the subject matter; and, *second*, that the evidence was not sufficient to sustain the decree.

It is claimed by the appellant, that the proceeding is one at law, being a mere petition, and that the Court below, as a Court of law, had no jurisdiction, because the statute authorizing such proceedings by petition, only extends to cases where a person "has executed a title bond or contract for the conveyance of any real estate," &c. R. S. 1843, § 151, p. 855. We need not stop to inquire whether this point would be available for the appellant if the proceeding were to be regarded as a petition at law, as we are of opinion that the proceeding is essentially one in chancery. The complaint, so far as we are able to perceive, contains all the requisites of a bill in chancery. To be sure, it is styled a petition, but it has much of the phraseology of an ordinary bill in chancery, and after setting forth the facts, by way of "humble complaint," it prays that the widow and heir of said *John*, naming them, "may be made defendants to this bill of complaint," and that they be required to answer the same on oath. It alleges that the plaintiff is without remedy at law, and can have relief only in equity, and prays for a *decree* of specific performance, and other general *equitable* relief. We are unable to perceive any valid reason, why the proceeding should not be regarded as a valid chancery proceeding.

As a Court of equity, the Court below undoubtedly had jurisdiction of the case, concurrent with the Circuit Court, the suit being against an heir, to compel the specific performance of a contract made by her ancestor. R. S. 1843, § 6, p. 665.

Another point in reference to jurisdiction is, that as the lands lie in *Boone* county, a Court in *Tippecanoe* county can not compel the specific performance of a contract in reference to them; the action being, as is claimed, local and not

transitory. This point is settled against the appellant, in the case of *Coon et al.* v. *Cook*, 6 Ind. 268.

In reference to the evidence, the only objection made, is that it does not identify the land according to its numbers, as described in the bill. The evidence does not, it is true, describe the land by its numbers, at all, but the witnesses speak of it in general terms as "the land in *Boone* county," the "*Boone* county farm," and "160 acres of land in *Boone* county," the amount of the land as described in the bill; and the evidence shows that *John* put the complainant in possession thereof. We are of opinion that, under the circumstances, the Court was justified in rendering the decree, as it does not appear that *John* ever had any other land in *Boone* county than that described by the witnesses, and it is not to be supposed that the complainant sought a decree for land that did not belong to *John*, as that would be useless to her. If the land described in the complaint belonged to *John*, but was really different land from that described by the witnesses, the defendants could easily have shown it on the hearing. We think the evidence *prima facie* sufficient.

*Per Curiam.*—The decree below is affirmed, with costs.

*H. W. Chase* and *J. A. Wilstach*, for appellant.