*S. Claypool*, for appellee.

---

## Vail and Another *v.* Jones and Another.

PLEADING.—*Answer.*—*Jurisdiction.*— *Code.*—Under our code, a defendant may set forth in his answer as many grounds of defense, counter-claim, and set-

Vail and Another *v.* Jones and Another.

off, whether legal or equitable, as he may have, without regard to the location of the subject-matter.

SAME.—*Mortgage.*—Suit on a note, in the circuit court of a certain county. Answer, that the note was given by the defendant to the plaintiff for money loaned by the latter to the former; that, to secure the payment thereof, the defendant executed to the plaintiff a deed, absolute on its face, but intended as a mortgage, for certain lands, of a value stated, in another county, in this State; that the plaintiff held possession of said real estate and refused to reconvey the same and give possession thereof on the payment of the note. *Held,* that the answer set forth a proper counter-claim within the meaning of the code, and the court thereby became invested with jurisdiction of the subject-matter.

APPEAL from the Dearborn Circuit Court.

GREGORY, J.—This suit was prosecuted, among other things, for the recovery of the amount secured by a note executed by the appellant John B. Vail to the appellee Samuel L. Jones.

Vail set up in his answer, that the note was given for money loaned by Jones to Vail; and that, to secure the payment thereof, the defendant Vail executed to the plaintiff Jones a deed, absolute on its face, but intended as a mortgage, for lands in Jasper county, describing them, of the value of five thousand dollars; that the deed was executed as a security for the payment of the note, and for no other consideration whatever; that the plaintiff Jones holds possession of the real estate and refuses to reconvey the same and give the possession thereof on the payment of the note.

The plaintiff replied by the general denial.

It was agreed between the plaintiff and defendant, in writing, on the trial, that there was due to the plaintiff Jones, on the note, $908; that the jury should find only upon the issue whether the instrument purporting to be a deed was a mortgage; and that judgment and decree should be rendered upon the finding as the law might warrant.

The jury found for the defendant Vail, on this issue. On the plaintiffs' motion the court arrested the judgment on the verdict, on the alleged ground that the court had no jurisdiction of the subject-matter submitted to the jury. This

is the error assigned here. The code provides, that "actions for the following causes must be commenced in the county in which the subject of the action, or some part thereof, is situated: *First.* For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest." 2 G. & H. 56. It was accordingly held, in *Parker* v. *McAllister,* 14 Ind. 12, that a complaint for specific performance must be commenced in the county where the land is situate; and in *The New Albany & Salem R. R. Co.* v. *Huff,* 19 Ind. 444, the same rule was applied to a suit brought to set aside a fraudulent conveyance of real estate.

Independent of the code, it is well settled, that where the court has jurisdiction of the proper parties, it may by its judgment or decree compel them to do equity in relation to lands located without its jurisdiction. See *Gardner* v *Ogden,* 22 N. Y. 327, and the authorities cited.

Has the code changed this rule, as to defendants? It is provided, that "the defendant may set forth in his answer as many grounds of defense, counter-claim, and set-off, whether legal or equitable, as he shall have." 2 G. & H. 88.

In *Woodruff* v. *Garner,* 27 Ind. 4, it is correctly said, that "the counter-claim thus authorized comprehends recoupment, and much more. It hardly admits of question that it embraces, also, what was known as the cross-bill in equity against the plaintiff."

Jones could have commenced his action on the note and mortgage in Jasper county; he however elected, as he had a right to do, to sue on the note in Dearborn county. Is the defendant thereby cut off under the code from his counter-claim? The filing of a counter-claim is in no sense the commencement of an action. It is filed in a suit already commenced.

The New York code, from which ours was largely borrowed, uses the word "tried," instead of "commenced." It may be that the latter word was used in our code to harmonize with this provision as to the right of a defendant to

set up any counter-claim, either legal or equitable, which he might have. One leading feature in the code is, that all matters in dispute between the plaintiff and defendant and relating to the same subject-matter may be litigated and settled in one action. In the opinion of a majority of the court, it is both the letter and spirit of the code, that a defendant may set forth in his answer as many grounds of defense, counter-claim, and set-off, whether legal or equitable, as he shall have, without regard to the location of the subject-matter.

No possible harm can arise from this construction. The plaintiff still has his election of the *forum*, but he cannot by such an election deprive the defendant of his right of defense. A different construction leads to a multiplicity of actions, thereby greatly increasing the expense of litigation.

The court erred in arresting the judgment on the verdict.

Judgment reversed, with costs, and cause remanded, with direction to render the proper decree on the verdict.

ELLIOTT, J.—I cannot concur in the opinion of my brother judges in this case, pronounced by GREGORY, J., holding that the Dearborn Circuit Court erred in refusing to render a decree that the deed executed by Vail to Jones to the land in Jasper county was only intended as a mortgage to secure the note for six hundred dollars. My first objection to such a decree is, that the Dearborn Circuit Court has no jurisdiction of the subject-matter, as the land is situate in Jasper county. Section twenty-eight of the code provides, that "actions for the following causes must be commenced in the county in which the subject of the action, or some part thereof, is situated: *First.* For the recovery of real property or of an estate or interest therein, or for the determination in any form of such right or interest, or for injuries to real property. *Second.* For the partition of real property. *Third.* For the foreclosure of a mortgage of real property."

The object of the answer setting up the fact that the note

was secured by the conveyance of the land in Jasper county by a deed absolute on its face, but which was only intended as a mortgage security, is clearly within the first clause of this section of the code. It seeks to determine the right or interest of Jones in the land under the conveyance. It is conceded, as it must be, that the Dearborn Circuit Court would have no jurisdiction to entertain an original action seeking the same relief claimed under the answer in this case; but it is claimed that, as it is set up by way of a counter-claim in the suit on the note, the Dearborn Circuit Court thereby became invested with jurisdiction to grant the relief prayed. It is true that the code authorizes the defendant to set forth in his answer as many grounds of defense, counter-claim, and set-off, whether legal or equitable, as he shall have; but certainly this provision was not intended to confer on a court jurisdiction over a subject-matter which by another provision of the code is expressly denied to it. Hence it does not follow, because the matter set up may, in some way, be connected with the cause of action, and might be the subject of an action in favor of the defendant, that it is, therefore, a valid counter-claim, when jurisdiction over the particular subject-matter of the claim is expressly denied to the court in which the action is pending.

Nor can I concur in the conclusion that the matter set up in the answer constitutes a counter-claim to the action on the note, within the proper meaning of the statute.

The answer does not claim to bar the action on the note, or to lessen the amount of the judgment claimed thereon by the plaintiff; nor does it seek to recover a personal judgment against the plaintiff.

The right, under the code, to sue on a note secured by mortgage without at the same time asking a foreclosure of the mortgage, is uncontrovertible. Both remedies may be joined in the same suit, provided it is brought in the county where the land lies; yet they are separate and distinct remedies. A suit to foreclose the mortgage is local to

the county where the land is situate.   The action on the note is transitory; it follows the person of the defendant, and must be prosecuted in the county where he resides.

Here the action was on the note alone, and simply sought a personal judgment against the defendant; of that action the Dearborn Circuit Court had jurisdiction.   But, admitting that the conveyance of the land in Jasper county was intended as a mortgage, as alleged, still, as the land was not situate in Dearborn county, the circuit court of that county would have no jurisdiction of the subject-matter, and therefore could not render a decree of foreclosure.

As the suit is not upon the alleged mortgage, the matter set up as a counter-claim is not directly connected with the cause of action.   It is foreign to it, or so remotely connected with it as not to come within the purview of the statute.

It is said in the case of the *National Fire Ins. Co.* v. *McKay*, 21 N. Y. 191, under a similar statute to our own, that "a counter-claim, when established, must in some way qualify or must defeat the judgment to which the plaintiff is otherwise entitled."

The question as to what constitutes a valid counter-claim under our statute was discussed to some extent in *Conner* v. *Winton*, 7 Ind. 523; *Lovejoy* v. *Robinson*, 8 Ind. 399; and *Slayback* v. *Jones*, 9 Ind. 470.   It was held in the latter case, after a somewhat careful examination of the question, that the definition in our code of counter-claim is identical with the previous definition in the American reports of recoupment, and that it is the same thing.   The subsequent cases on the subject were consistent with that ruling, until the case of *Woodruff* v. *Garner*, 27 Ind. 4, which was a complaint to obtain the rescission of a contract between the parties for the exchange of lands, on the ground that the contract was procured by certain false and fraudulent representations of the defendant.   One of the paragraphs of the answer, in form a counter-claim, denied the fraud and alleged, among other things, that the plaintiff, without right,

kept the defendant out of the possession of the lands con-
veyed to him in pursuance of the contract, and prayed judg-
ment for the possession and damages for occupation of the
premises.  A demurrer was overruled to that paragraph of
the answer.  In discussing the question raised by that rul-
ing, treating the answer as a counter-claim, it is said that,
"to say, as was inadvertently done in *Slayback* v. *Jones*, 9
Ind. 470, that the counter-claim is the same thing as recoup-
ment, would be giving a definition obviously less compre-
hensive than that given by the statute.  The counter-claim
thus authorized comprehends recoupment, and much more.
It hardly admits of question that it embraces, also, what
was known as the cross-bill in equity against the plaintiff.
Unless this be so, it would result that, in many cases, what
formerly might have been fully settled in one litigation,
would, under the code, require two or more separate suits
to determine it."

It is not my purpose to question the correctness of the
ruling in that case, in holding the answer good, but I think
it was an error to call it a counter-claim under the statute.
To do so is simply a misnomer of the pleading.  Nor do I
concur in the statement that, if "counter-claim," under the
statute, does not embrace what was formerly known as the
cross-bill in equity, it would result that, in many cases, what
formerly might have been settled in one litigation, would,
under the code, require two or more separate suits to de-
termine it.

Notwithstanding the distinction between actions at law
and suits in equity, and the forms of all such actions and
suits heretofore existing, are abolished by the code, still
where the right of action or the remedy sought is purely
equitable in its character, it is none the less an equitable
action under the code, and every matter which under the
former practice might have been set up in such cases by
way of a cross-bill may still be urged by an answer in the
nature of a cross-complaint; but in many cases such a
pleading would not constitute a counter-claim within the

meaning of the statute. Section 802 of the code (2 G. & H. 336) provides, that "the laws and usages of this State relative to pleadings and practice in civil actions and proceedings, not inconsistent herewith, and as far as the same may operate in aid hereof, or to supply any omitted case, are hereby continued in force." This provision (if needed for that purpose) clearly saves to defendants in equitable actions the right to set up any matter in the answer in the nature of a cross-complaint which under the former practice could have been urged in a cross-bill. The code abolishes the distinction heretofore existing between suits in equity and actions at law, and the forms of pleadings, but it does not abolish the substance or change legal rights. The primary object of the code is, to simplify and render the remedy more easy, more prompt, and less expensive.

I think the judgment of the circuit court should be affirmed.

*N. S. Givan, W. W. Tilley,* and *N. B. Taylor,* for appellants.

*D. S. Major* and *J. Schwartz,* for appellee.