WM. S. EPPERLY v. ANDREW FERGUSON, Appellant.

Specific Performance:   WHERE ACTION MAY BE BROUGHT.   An action for specific performance is transitory and unless made local by statute may be brought in a court having jurisdiction of the property, or of the person only, at the option of the plaintiff.

Contract to Convey Homestead: SIGNATURE OF WIFE : RATIFICATION. When the wife signs a contract for the conveyance of the homestead, although not at the time her husband signs, and afterwards joins with her husband in the execution of a deed, the contract is ratified and binding, though her name does not appear in the body of the contract.

Same:   SUBSEQUENT SIGNATURE OF WIFE :   The signature of the wife to a contract to convey the homestead, at date subsequent to that of the husband, is not an alteration of the contract which will render it void.

*Appeal from Davis District Court.*—HON. T. M. FEE, Judge.

MONDAY, OCTOBER 13, 1902.

MARION Robb was the owner of the land involved in this action, and, with his wife, occupied a portion of it as their homestead. A written contract for the sale of the entire tract to the defendant was made and signed by the defendant and Robb. Mrs. Robb was present when the sale was negotiated, and took part therein. She offered to sign the contract at the time of its execution, but did not then do so, because it was thought unnecessary. The contract was made in duplicate on the 21st day of October,

1899, and a copy thereof kept by each party. It provided for a conveyance of the land to the defendant by the 1st of March, 1900. Before said date, and before the defendant had formally given notice that he elected to rescind the same, Mrs. Robb signed the contract held by her husband, and so notified the defendant, and offered in writing to sign the one held by him. After this was done, the defendant gave the Robbs notice that he elected to rescind the contract, and refused to accept the deed of Robb and his wife, and pay the balance due for the land thereunder. Robb assigned the contract to this plaintiff, who asks a specific performance thereof on the part of the defendant. There was a trial and judgment for the plaintiff, from which the defendant appeals.—*Affirmed.*

*H. M. Eicher, Payne & Sower,* and *S. W. & J. L. Brookhart* for appellant.

*H. C. Taylor* for appellee.

SHERWIN, J.—This action was brought and tried in the county where the land is situated, and of which the defendant was a nonresident. Had it been an action by the defendant vendee, there can be no question as to his right to invoke the jurisdiction of the *rem,* because such action would have concerned the title to the land, and he had the right to have a conveyance thereof decreed by the court, and performed by its proper officer, if found so entitled. It is the general rule that an action for specific performance is primarily in *personam,* and that a party to such a contract may be sued wherever found. But it does not necessarily follow that such actions must be brought at the residence of the defendant, whether the court there has jurisdiction of the property or not; and, while the general rule is as stated, the action is transitory, unless made local by statute, and

*1. SPECIFIC performance where action may be brought.*

may be brought in a court having jurisdiction of the property, or in one having jurisdiction of the person only, at the option of the plaintiff. 20 Ency. Pleading & Practice, 400; *Dehart v. Dehart*, 15 Ind. 167; *Rourke v. McLaughlin*, 38 Cal. 196; *Loaiza v. Superior Court*, 85 Cal. 11, 24 Pac. Rep. 707; *Burral v. Eames*, 5 Wis. 260; *Mussina v. Belden*, 6 Abb. Prac. 174; 1 L. R. A. 79, note. See, also, as sustaining this conclusion, *Wright v. Leclaire*, 3 Iowa, 221.

II. We are fully satisfied that the defendant cannot avoid his contract on the fraud claimed in pointing out to him the land for which he bargained, or for fraudulent statements as to its quality. He was on the land, and had an opportunity to examine every foot thereof.

III. This brings us to the final question of whether the contract may be avoided because the wife did not sign it when it was signed by her husband and the defendant. The statute provides that "no conveyance * * * or contract to convey * * * the homestead * * * is valid unless the husband and wife join in the execution of the same joint instrument." Code, section 2974. It is conceded that, if the wife had never signed this contract, it would have been absolutely void. During the negotiations which culminated in the making of the written contract of sale, the wife was present, and not only took an active part therein, but further signified her desire to join with her husband in the sale and in the execution of the writing. This was fully understood by all parties. When the question was raised as to the effect of her failure to join in the instrument with her husband, she did sign the same contract, or one duplicate thereof, and immediately notified the defendant thereof, and offered to so sign the instrument which he held. She not only afterwards joined her husband in the contract, but executed jointly with him the deed which the contract called for. The statute does

2. CONTRACT to convey homestead: signature of wife: ratification.

not require, and we are cited to no case which holds, that the validity of such a conveyance requires the execution of the contract or deed by both husband and wife at the same instant of time, and it would hardly be contended that if the husband executed such a conveyance today, and the wife joined in the execution of the same instrument tomorrow, it would not be in compliance with the statute. Nor can it be said that her signature at a later date was such an alteration of the contract as to render it invalid. It is not contended that the defendant entered into this contract for the mere pleasure of having litigation thereover. When he bought, he understood that Mrs. Robb was a willing party to the sale, and that she was willing to do all that was necessary to make it a valid and binding one upon her; and it is undoubtedly true that, if her signature to the contract had been considered necessary to make it valid, it would have been insisted upon, and she would have readily joined her husband in the execution thereof. When, then, she did execute it, she was but carrying out or ratifying in a legal way a contract which she had already assented to, and one which all parties supposed was complete without her joining therein. Certainly, under such circumstances, the defendant cannot justly raise his voice against her action The statute under consideration is essentially one for the protection of the family, and a failure to comply strictly therewith does not constitute such a. violation of law that attempted acts thereunder may not be ratified. By signing the same contract which her husband had signed, and by the joint execution of a deed, all within the time required by the contract for the conveyance of the land, we think there was a ratification of the contract, which the defendant cannot complain of and which gave to it such mutuality of character that he could have enforced it against the wife. *Spafford v. Warren*, 47 Iowa, 47; *Chamberlain v. Robertson*, 31 Iowa 408;

3. SAME: subsequent signature of wife.

*Corbin v. Minchen,* 81 Iowa, 682; 2 Beach. Contracts, section 923.  In *Luse v. Deitz,* 46 Iowa, 205, the contract was to convey land, the title to which was in another, and it was there held that there was no mutuality of contract, because no conveyance could be forced.   Robb and his wife have done everything in their power to comply with the contract of sale to the defendant.   If the contract is imperfect because the wife's name does not appear in its body, she has ratified the contract, and corrected that error by joining in a perfect deed, and the defendant cannot be permitted to disregard his contract under these circumstances.

The judgment is AFFIRMED.