## LIGHT v. DOOLITTLE ET AL.

[No. 11,311. Filed December 21, 1921.]

1. PROCESS.—*Specific Performance.*—*Contract to Convey Realty.* —*Action in Personam.*—In the absence of statutory modification, it is the general rule that a suit to compel specific performance of a · contract to convey real estate is a suit *in personam,* and not *in rem,* so that jurisdiction cannot rest upon constructive service of process against a nonresident who does not appear, yet such a suit may by statute be given the character of a suit *in rem* or *quasi in rem,* so that an action for specific performance can be brought against a nonresident respecting land within the state and service be had by publication. p. 189.

2. SPECIFIC PERFORMANCE.—*Contracts to Convey Realty.*—*Lands Outside of State.*—*Action against Nonresidents.*—There is no inconsistency on the part of courts in assuming jurisdiction of suits for specific performance of contracts in respect to real property, beyond the territorial jurisdiction, if the parties are personally subject to their jurisdiction, upon the theory that such suits are *in personam,* and not *in rem,* and at the same time assuming jurisdiction of such suits in respect to land within the territorial jurisdiction upon constructive service against nonresidents upon the theory that such suits have, by virtue of a statute, become, for the time being or for the occasion, a suit *in rem* or *quasi in rem.* p. 192.

3. SPECIFIC PERFORMANCE.—*Contract to Convey Realty.*—*Action against Nonresidents.*—*Service by Publication.*—*Judgment.*— *Form.*—*Statutes.*—Section 322 Burns 1914, §318 R. S. 1881,

authorizes service by publication in an action against non-residents for the specific performance of a contract to convey real estate in Indiana, but where the defendant does not appear and there is no personal service, the court must so mould its decree as to operate *in rem* and not *in personam*. p. 201.

From Newton Circuit Court; *C. W. Hanley,* Judge.

Action by Alvia B. Light against Angie Stewart Doolittle and another. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*R. R. Cummings, Truman F. Palmer* and *George Marvin,* for appellant.

*T. B. Cunningham,* for appellees.

McMahan, J.—Complaint by appellant against appellees, who are husband and wife, alleging that appellee Angie Stewart Doolittle, being the owner of certain real estate in Newton county, Indiana, entered into a written contract, whereby she agreed to convey said real estate to appellant upon certain terms; that appellant has at all times been ready to perform all the conditions required of him, and has tendered full performance and demanded that appellees convey said real estate in accordance with said contract; and the refusal of appellees to convey the real estate. The prayer of the complaint is that appellee be required to perform her contract; that a commissioner be appointed to convey said real estate to appellant and for all other proper relief.

A summons was issued to the sheriff and returned "not found," after which an affidavit was filed, stating that appellees were nonresidents of this state, and that "this cause of action is founded upon and connected with a contract in relation to real estate in the state of Indiana." Notice having been given by publication appellees appeared specially and filed a motion to set aside and quash the notice on the ground that the cause of

action is such that service cannot be had by publication. This motion was sustained and appellant appeals.

The only question presented by this appeal is—Can an action for specific performance of a contract to convey real estate in this state be prosecuted in the county in which the land is located against a nonresident defendant served by publication only?

The general rule is that in the absence of any statutory modifications a suit to compel the specific performance of a contract to convey real estate is a suit 1. *in personam,* and not *in rem.* It has frequently been held that the venue of a suit for specific performance of such a contract is not necessarily in the county in which the land is located. *Coon* v. *Cook* (1855), 6 Ind. 268; *Dehart* v. *Dehart* (1860), 15 Ind. 167; *Bethell* v. *Bethell* (1884), 92 Ind. 318; *Close* v. *Wheaton* (1902), 65 Kan. 830, 70 Pac. 891; *Johnston* v. *Wadsworth* (1893), 24 Ore. 494, 34 Pac. 13; *Morgan* v. *Bell* (1892), 3 Wash. 554, 28 Pac. 925, 16 L. R. A. 614. These cases illustrate the principle that such a suit is regarded as *in personam* and not *in rem,* and in so far as the question of local venue is concerned the matter is subject to statutory regulation. *Parker* v. *McAllister* (1859), 14 Ind. 12; *Epperly* v. *Ferguson* (1902), 118 Iowa 47, 91 N. W. 816; *Bradford* v. *Smith* (1904), 123 Iowa 41, 98 N. W. 377; *Collins* v. *Park* (1892), 93 Ky. 6, 18 S. W. 1013.

This rule is well stated in *Epperly* v. *Ferguson, supra,* where it is said:

"It is the general rule that an action for specific performance is primarily in *personam,* and that a party to such a contract may be sued wherever found. But it does not necessarily follow that such actions must be brought at the residence of the defendant, whether the court there has jurisdiction of the property or not; and,

while the general rule is as stated, the action is transitory, unless made local by statute, and may be brought in court having jurisdiction of the property, or in one having jurisdiction of the person only, at the option of the plaintiff."

An action to foreclose a mortgage is *in rem*, but an action to foreclose the mortgage and for judgment for the indebtedness secured thereby is both *in rem* and *in personam* and must be brought in the county where the land is situated and a personal judgment in such an action may be rendered against a defendant personally served in any county in the state. Of course no personal judgment can be rendered against a nonresident defendant served by publication in such an action. Those sections of the statute requiring all actions to be commenced in the county where the defendants, or one of them reside applies to transitory actions, the cause of which is distinct and not necessarily connected with any other subject or cause of action. *Collins* v. *Park, supra*.

The principle has been frequently applied by upholding the jurisdiction of a court of equity having personal jurisdiction of the parties, by personal service within the state or by appearance, to entertain a suit for the specific performance of a contract to convey real property situated in another state and outside the territorial jurisdiction of the court. *Bethell* v. *Bethell, supra*.

In the absence of a statute changing the rule, the principle has been applied conversely so as to prohibit a court from acquiring jurisdiction of a suit for the specific performance of a contract to convey land within its territorial jurisdiction by the service by publication or personal service outside of the state upon a nonresident who did not appear. *Worthington* v. *Lee* (1884), 61 Md. 530; *Spurr* v. *Scoville* (1849), 3 Cush. (Mass.) 578; *Silver Camp Mining Co.* v. *Dickert*

(1904), 31 Mont. 488, 78 Pac. 967, 67 L. R. A. 940, 3 Ann. Cas. 1000.

But it has been held under a statute authorizing the appointment of a trustee to convey land in an action for specific performance where the defendants were non-residents, that the proceeding was *in rem* and notice might be given the nonresidents by publication. *Hollander* v. *Central Metal Co.* (1909), 109 Md. 131, 71 Atl. 442, 23 L. R. A. (N. S.) 1135; *Hart* v. *Sansom* (1884), 110 U. S. 151, 3 Sup. Ct. 586, 28 L. Ed. 101; *Arndt* v. *Griggs* (1890), 134 U. S. 316, 10 Sup. Ct. 557, 33 L. Ed. 918.

The statute of Maryland provided that in any suit in chancery respecting the sale, partition, conveyance, or transfer of any real or personal property in that state, or to enforce any contract or lien relating to same, the court might order notice to be given to nonresidents. Another statute authorized the court, whenever the execution of a deed was decreed to appoint a trustee to execute it. In discussing the effect of these statutes the court in *Hollander* v. *Central Metal Co., supra,* said:

"The prayer of the bill and the covenant here sought to be enforced is for conveyance to the appellee of the lot described in the lease, and while the Court could not enforce a decree requiring a non-resident to execute a deed for the property, its decree may be made effective under the provision of the Code, by the appointment of a trustee to convey the title of the appellants, and to that end the proceedings are *in rem* and not *in personam.*"

Conceding that a suit for the specific performance of a contract to convey real estate is *in personam* and not *in rem,* with the result that a court having personal jurisdiction of the parties may entertain the suit in respect to land outside of the state, and that a court without personal jurisdiction of the parties may not en-

tertain such suit in respect to land within its territorial jurisdiction, it does not necessarily follow that the legislature of the state within which the land is situated does not have power to give such suit the character of a suit *in rem* or *quasi rem,* so as to sustain the jurisdiction upon constructive service against a nonresident. Upon the contrary, the power of the state in this respect has been expressly affirmed in a number of cases which recognize the general principle that such a suit is *in personam* and not *in rem. Boswell* v. *Otis* (1850), 9 How. (U. S.) 336, 13 L. Ed. 164; *Hart* v. *Sansom, supra; Arndt* v. *Griggs, supra; Single* v. *Scott Paper Mfg. Co.* (1893), (C. C.) 55 Fed. 553; *Adams* v̇. *Heckscher* (1897), (C. C.) 83 Fed. 281; *Clem* v. *Givens* (1906), 106 Va. 145, 55 S. E. 567; *Felch* v. *Hooper* (1875), 119 Mass. 52; *Horner* v. *Ellis* (1907), 75 Kan. 675, 90 Pac. 275, 121 Am. St. 446.

It seems to us, notwithstanding the general principle that a suit for the specific performance of a contract to convey real property is a suit *in personam* and not *in rem,* so that jurisdiction cannot rest upon constructive service of process against a nonresident who does not appear, yet that such a suit may by statute be given the character of a suit *in rem* or *quasi in rem* so as to sustain jurisdiction upon this character of service even as against a nonresident. If a statute providing for service by publication upon non-resident defendants specially names suits for specific performance or describes the class of actions in which such service may be had in terms which clearly embrace suits for specific performance, that in itself is sufficient to characterize the suit as one *in rem* or *quasi in rem* for this purpose.

2. There is no necessary inconsistency on the part of courts in assuming jurisdiction of suits for the specific performance of contracts in respect to real property beyond the territorial jurisdiction, if

the parties are personally subject to their jurisdiction, upon the theory that such suits are *in personam* and not *in rem* and at the same time assuming jurisdiction of such suits in respect to land within the territorial jurisdiction upon constructive service against nonresidents upon the theory that such suits have by virtue of the statute become for the time being or for the occasion a suit *in rem* or *quasi in rem.* This theory is supported by *Burrall* v. *Eames* (1856), 5 Wis. 260, involving a question of local venue in a suit for specific performance where it was held that such a suit may be of a twofold character, partly *in rem* and partly *in personam;* and that the court may enforce the contract either by operating upon the person to compel a conveyance or may pass the title of the land by decree. But a court not having personal jurisdiction of a defendant, in order to grant specific performance of a contract to convey land within the state, must mould its decree in a form *in rem* and not *in personam. Bush* v. *Aldrich* (1918), 110 S. C. 491, 96 S. E. 922; 20 Ency. Pl. & Pr. 478.

The court, in *Pennoyer* v. *Neff* (1877), 95 U. S. 714, 24 L. Ed. 565, after holding that substituted service may be sufficient to inform parties of the object of proceedings taken where property is once brought under control of the court by seizure or some equivalent act, said: "Such service may also be sufficient in cases where the object of the action is to reach and dispose of property in the State, or of some interest therein, by enforcing a contract or a lien respecting the same, or to partition it among the different owners, or, when the public is a party, to condemn and appropriate it for a public purpose. In other words, such service may answer in all actions which are substantially proceedings *in rem.* But where the entire object of the action is to determine

the personal rights and obligations of the defendants, that is, where the suit is merely *in personam*, constructive service in this form upon a non-resident is ineffectual for any purpose."

At page 734 of the same opinion, 24 L. Ed. 565, 572, the court defining what is meant by a proceeding substantially *in rem*, said: "It is true that, in a strict sense, a proceeding *in rem* is one taken directly against property, and has for its object the disposition of the property, without reference to the title of individual claimants; but, in a larger and more general sense, the terms are applied to actions between parties, where the direct object is to reach and dispose of property owned by them, or of some interest therein. Such are cases commenced by attachment against the property of debtors, or instituted to partition real estate, foreclose a mortgage, or enforce a lien. So far as they affect property in the State, they are substantially proceedings *in rem* in the broader sense which we have mentioned."

*Safarik* v. *Greenwald* (1903), 1 Ohio Cir. Rep. (N. S.) 219, was an action to compel the specific performance of a contract for the sale of real estate situated in Ohio, the defendant being a resident of Indiana. Service having been had by publication, defendant appeared specially and on his motion the service was set aside because of want of jurisdiction of defendant.

Section 5024 Bates Ohio Statutes (2d ed.) provides: "An action to compel the specific performance of a contract of sale of real estate may be brought in the county where the defendants, or any of them, reside." Section 5048 Bates Ohio Statutes (2d ed.) provides that service by publication may be had in actions to compel specific performance of such contracts when the defendant resides out of the state, or his residence cannot be ascertained. This action having been brought in the county where the real estate was located, it was held that, the

defendants being nonresidents, service might properly be had by publication.

The Supreme Court of the United States, in discussing the Ohio statute and the method of obtaining jurisdiction, in *Boswell* v. *Otis, supra,* said: "Jurisdiction is acquired in one of two modes—first, as against the person of the defendant, by the service of process; or secondly, by a procedure against the property of the defendant, within the jurisdiction of the court. In the latter case the defendant is not personally bound by the judgment, beyond the property in question. And it is immaterial whether the proceeding against the property be by an attachment or bill in chancery. It must be, substantially, a proceeding *in rem.* A bill for the specific execution of a contract to convey real estate is not strictly a proceeding *in rem,* in ordinary cases; but where such a procedure is authorized by statute, on publication, without personal service of process, it is, substantially, of that character."

In *Arndt* v. *Griggs, supra,* in passing upon a Nebraska statute and dealing with the right of the state to provide for notice to nonresident defendants, the court said:

"It (the State) has control over property within its limits; and the condition of ownership of real estate therein, whether the owner be stranger or citizen, is subject to its rules concerning the holding, the transfer, liability to obligations, private or public, and the modes of establishing titles thereto. It cannot bring the person of a non-resident within its limits—its process goes not out beyond its borders—but it may determine the extent of his title to real estate within its limits; and for the purpose of such determination may provide any reasonable methods of imparting notice. The well-being of every community requires that the title to real estate therein shall be secure, and that there be convenient

and certain methods of determining any unsettled questions respecting it. The duty of accomplishing this is local in its nature; it is not a matter of national concern or vested in the general government; it remains with the State; and as this duty is one of the State, the manner of discharging it must be determined by the State, and no proceeding which it provides can be declared invalid, unless in conflict with some special inhibitions of the Constitution, or against natural justice."

As said by the court in *Bennett* v. *Fenton* (1890), (C. C.) 41 Fed. 283, 10 L. R. A. 500, in speaking of *Hart* v. *Sansom, supra*: "In the light of the subsequent cases decided by the supreme court, it is questionable whether too broad a construction has not been given to the language used in that opinion; or, perhaps, it would be more accurate to say that sufficient consideration and weight has not been given to a limiting clause in the opinion, wherein it is stated that, 'upon a bill for the removal of a cloud upon title, as upon a bill for the specific performance of an agreement to convey, the decree, unless otherwise expressly provided by statute, is clearly not a judgment *in rem*, * * * but operates *in personam* only, by restraining the defendant from asserting his claim,' etc. In other words, if the enforcement of the decree touching the title is dependent solely upon the inherent powers of a court of chancery, it is, of necessity, a decree *in personam*, because generally equity jurisdiction is exercised *in personam*, and depends upon the control of the court over the parties. If, however, there is statutory power given to the court to effectuate its decree by controlling the property, then the proceeding becomes in its nature a proceeding *in rem*, and in such case service by publication, in case of non-residents, will confer jurisdiction to deal with the property."

The Supreme Court of Illinois in *Fowler* v. *Fowler*.

(1903), 204 Ill. 82, 68 N. E. 414, *obiter dictum,* said: "Charles H. Fowler is a non-resident of Illinois, and was not personally served, but was only brought in by publication, and we are inclined to think that a decree could not be entered against him for the specific performance of the contract here under consideration."

Let us now give our attention to the statutes of this state and to the decisions of our Supreme Court upon the subject. Sections 309 to 314 Burns 1914 (§§307-311 R. S. 1881, Acts 1899 p. 13) provide for the commencement of certain actions, other than actions for the specific performance of a contract for the conveyance of real estate. Section 315 Burns 1914, §312 R. S. 1881, provides that: "In all other cases, the action to be commenced in the county where the defendants, or one of them, has his usual place of residence. * * *" Section 322 Burns 1914, §318 R. S. 1881, provides for service by publication "where the defendant is not a resident of the state, and the cause of action is founded upon or connected with a contract, or arises from a duty imposed by law, in relation to real estate in this state * * * or to try and determine, or quiet the title to, or possession of, real estate or any interest therein * * *." Section 1050 Burns 1914, §1015 R. S. 1881, provides: "Real property may be conveyed by a commissioner appointed by the court—First. Where, by the judgment in an action, a party is ordered to convey real estate to another or any interest therein. * * *" Section 1057 Burns 1914, §1022 R. S. 1881, provides: "In case of a judgment to compel a party to execute a conveyance of real estate, the court may enforce the judgment by attachment or sequestration, or appoint a commissioner to make the conveyance."

Mr. Pomeroy, in speaking of the rule that equity acts upon the person only, says: "This original doctrine has been abrogated, for all classes of remedies to which it

could apply, by statutory legislation in a large number of the states." 4 Pomeroy, Equity Jurisp. (4th ed.) §1434. Among the statutes cited by the author as abrogating the original doctrine is §1050 Burns 1914, supra. And the same author in §1436, referring to notice by publication, says: "A decree for specific performance, acting upon the land itself, may issue upon such service."

In Coon v. Cook, supra, it was held that a suit for specific performance operates on the person and may properly be instituted in any county where the defendant resides.

In Parker v. McAllister, supra, the complaint was filed in the Dearborn Circuit Court for the specific performance of a contract to convey lands situated in Franklin county. The contention on appeal was that the demurrer to the complaint should have been sustained on the ground that the court had no jurisdiction. The appellee contending that the courts of the county where the defendant resided had jurisdiction, and that the action was transitory, cited and relied on Coon v. Cook, supra, as being decisive, upon that question. The court, however, held that under the statute then in force it was local and should have been brought in the county where the land was located. Attention was called to the fact that the Coon-Cook case was instituted and decided under a different statute.

Dehart v. Dehart, supra, was commenced in Tippecanoe county for the specific performance of a contract to convey lands in Boone county. The defendants on appeal contended that the court in Tippecanoe county had no jurisdiction of the subject-matter because the action was local and not transitory. The court, however, held the action transitory, with the bare statement that: "This point is settled against the appellant, in the case of Coon et al. v. Cook, 6 Ind. 268." No refer-

ence was there made to the case of *Parker* v. *McAllister,* *supra.* The statute in force at the time of the commencement of the last two cases, provided that: "Actions for the following causes must be commenced in the county in which the subject of the action, or some part thereof, is situated: First. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest," etc. 2 G. & H. (Ind. Statute) 56.

The Supreme Court in *Vail* v. *Jones* (1869), 31 Ind. 467, after quoting this statute, said: "It was accordingly held, in *Parker* v. *McAllister,* 14 Ind. 12, that a complaint for specific performance must be commenced in the county where the land is situate."

*Bethell* v. *Bethell, supra,* was an action against a defendant residing in this state to reform a deed whereby the defendant conveyed certain land in Missouri to the plaintiff. The defendant on appeal challenged the sufficiency of the complaint and the jurisdiction of the court over the subject-matter because it appeared that the land was located in another state. In discussing this question the court said:

"A decree reforming a mistake operates upon the contract and the parties, and where the contract is made in the State where the parties reside, the suit to reform is properly brought in that state. * * * The principle which rules this case is the same as that which governs suits to enforce the specific performance of contracts, and it is well settled that such suits may be brought where the parties reside, although the land lies in a foreign State. * * * Our own cases recognize the rule that a decree for specific performance operates upon the person, and not directly upon the property. *Coon* v. *Cook,* 6 Ind. 268; *Dehart* v. *Dehart,* 15 Ind. 167. It is true, that *Parker* v. *McAllister, supra,* (14 Ind. 12) holds a different doctrine, but that case is at variance

with the later case, and is in conflict with the well known rule that equity only acts upon the person. In *Vail* v. *Jones,* 31 Ind. 467, the case of *Parker* v. *McAllister, supra,* is incidentally referred to as still authoritative, but it is evident that the question was not considered. * * * But, whatever may be said as to the present force of the decision in *Parker* v. *McAllister, supra,* it is clear that it does not conflict with our conclusion, that independent of statute, suits to reform contracts, or to enforce specific performance, may be brought where the defendants reside. This we say, because that case is placed solely upon the statute."

*Bethell* v. *Bethell, supra,* was cited in *Gordon* v. *Goodman* (1884), 98 Ind. 269, where it was held that an action to correct a description of land in a deed may be instituted against the grantors in the county where they reside although the land is in another state; in *Wilson* v. *Joseph* (1886), 107 Ind. 490, 8 N. E. 616, note, 56 Am. Rep. 666, to the effect that suits for specific performance of contracts, for the enforcement of express or implied trusts, for relief on the ground of fraud, actual or constructive, for the final accounting and settlement of a partnership, and the like, may be brought in any state where jurisdiction of the defendant's person is obtained although the subject-matter of such a suit is situated in another state or even in a foreign country; in *Monnett* v. *Turpie* (1892), 132 Ind. 482, 133 Ind. 424, 32 N. E. 328, holding where an action in relation to real estate is in equity and the court has jurisdiction of the person it can by process against the defendant *in personam* enforce its decrees affecting the land without as well as within the state.

The question in *Bethell* v. *Bethell, supra,* was: Did the courts of this state have jurisdiction of an action between two of her citizens for the reformation of a deed executed by them in this state conveying land sit-

uated in another state? No question relative to the jurisdiction of an action for specific performance was there involved, and anything there said relative to jurisdiction in such an action or as to the effect of the decisions upon that question was beyond the issues and is therefore not a ruling precedent.

In *First Nat. Bank* v. *Henry* (1900), 156 Ind. 1, 58 N. E. 1057, it is said: "The statutes of this State authorize constructive service upon non-residents only in certain cases of which a case for specific performance is not one." The facts in that were that one Henry being indebted to one Arnold, executed a note which was secured by a mortgage on real estate in this state. Arnold being indebted to the bank pledged the note to the bank as collateral security. The debt to the bank not being paid when due, it commenced suit to foreclose the mortgage given by Henry. Arnold was made a defendant to answer as to his interest in the note. The complaint, among other things, alleged that Arnold agreed to indorse the note to the bank but had failed to do so. An affidavit as to the nonresidency of Arnold was filed wherein it was stated that the cause of action was to enforce a lien on real estate in this state. That part of the complaint attempting to show a right to a specific performance of the contract was aimed at Arnold and related to an agreement relative to personal property, and when the court stated that there was no statute authorizing publication of notice in an action for specific performance it had in mind a contract concerning personal property and not a contract concerning real estate.

The defendants in this action are nonresidents of this state and the cause of action is connected with a contract in relation to real estate in this state. Section 322 Burns 1914, *supra,* expressly authorizes the service of notice by publication in such cases.

Sections 1050, 1057 Burns 1914, *supra,* authorize the court to appoint a commissioner to make the conveyance in a case like the one now before us.   But in a suit for specific performance of a contract to convey real estate where the defendant does not appear and there is no personal service, the court must so mould its decree as to operate *in rem* and not *in personam.*

It is not uncommon for the owner of real estate to enter into an agreement to convey the same upon payment of the purchase price where the payments are to be made in installments running over a long period of time.   Let us suppose such a contract, and where the purchaser has finally paid the whole of the purchase price and then discovers that the owner has taken up his residence in a foreign country.   If appellee's contention is upheld the purchaser's only remedy would be to go to the foreign country and there sue for specific performance, or to recover the money paid, or possibly he might bring an action in this state as for money had and received and sue out a writ of attachment.   But if in the meantime the owner had sold the real estate to a *bona fide* purchaser without notice, the writ of attachment would be unavailing.   The laws of this state are not as impotent as appellees would have us hold.

It is the settled policy of the state to furnish her citizens a remedy for every wrong and when it can be done without violating some constitutional inhibition, and when not against natural justice, to furnish them a forum where they can go for protection.   It cannot compel a nonresident to come into the state to defend an action, but when a nonresident brings property into the state or when he becomes the owner of real estate within its limits, such property is subject to the laws of the state, and the state may determine the extent of the title and interest of such nonresident in and to such property.   In harmony with the great weight of authority,

we hold that the court erred in sustaining the motion to set aside the service.

Judgment reversed with directions for further procedure not inconsistent with this opinion.