### LUSE v. DEITZ.

</div>

1. **Contract**: SPECIFIC PERFORMANCE: MUTUALITY. A contract ,to be specifically enforced must be such that it might, after being entered into, have been enforced by either of the parties against the other, and if the one party be incapable of performance he cannot enforce it upon the other.

2. ———: ———: RULE APPLIED. L. entered into a contract with D. to convey to him a brewery which at the the time of the execution of the contract was the property of his wife; subsequently he tendered to D. a deed to the property, executed by himself and wife, which D. refused to accept: *Held* that the contract could not be specifically enforced.

<div align="center">

*Appeal from Johnson District Court.*

TUESDAY, JUNE 12.

</div>

THIS is an action for the enforcement of a specific performance of a written contract to convey real estate to plaintiff, in consideration of the conveyance of certain real estate by plaintiff to defendant. The cause was referred to C. T. Ransom, Esq., who, amongst other facts, reported the following: "By the terms of said contract Luse was to convey to Deitz (if the exchange was made) the property known as the Keilmeyer brewery property, and particularly described in the contract. At the time of said written agreement said W. C. Luse was not the owner of said brewery property, which he agreed to convey to Deitz, if exchange was made; but the wife of said Luse was the owner thereof by recorded title. That such ownership of the brewery property by Mrs. Luse was not known to Deitz at the time of said contract between himself and Luse. Mrs. Luse was not a party to said contract,

nor in any manner bound thereby." The referee, as a con-
clusion of law, found that the contract ought not to be en-
forced and recommended that the plaintiff's petition be dis-
missed. The court overruled the exceptions to the referee's
report, and entered a decree dismissing the plaintiff's peti-
tion at his costs. The plaintiff appeals.

*Clark & Haddock*, for appellant.

*Boal & Jackson*, for appellee.

DAY, CH. J.—We need not determine whether the state of
the record is such that we can try this cause *de novo*. From
a careful examination of the original and amended
abstracts, we are satisfied that the facts are as
found by the referee. There is one insurmountable
obstacle in the way of decreeing a specific performance in
this case. At the time the written agreement was made, Luse
was not the owner of the brewery property which he agreed
to convey to Deitz. The wife of Luse was the owner of said
property by recorded title. She was not a party to the con-
tract, and was in no way bound by it. It is very clear that
Deitz could have had no specific performance against Luse.
He must have been content simply with an action at law for
damages for breach of contract. In Fry on Specific Per-
formance of Contracts, Sec. 286, it is said: "A contract, to
be specifically enforced by the court, must be mutual—that is
to say, such that it might, at the time it was entered into,
have been enforced by either of the parties against the other
of them. Whenever, therefore, whether from personal inca-
pacity, the nature of the contract, or any other cause, the con-
tract is incapable of being enforced against one party, that
party is equally incapable of enforcing it against the other,
though its execution in the latter way might in itself be free
from the difficulty attending its execution in the former."

This proposition, so manifestly right in principle, is abun-
dantly sustained by authority. See *Jarman v. Davis*, 4 Mon-
roe, 115; *Benedict v. Lynch*, 1 Johnson, Ch. 370; *Tyson v.
Watts*, 1 Md. Ch. 13; *Bromly v. Jeffries*, 2 Verm., 415; *Law-*

*(Marginal note: 1. CONTRACT: specific per- formance: mutuality:)*

*renson v. Butler*, 1 Schoale & Lefroy, 15; *Richmond v. Dubuque & Sioux City R. R. Co.*, 33 Iowa, 422 (486).

The fact that Luse tendered to Deitz a deed in due form executed by himself and wife does not affect the case. The objection still exists that Deitz could not have enforced performance against Luse if Luse or his wife had been unwilling to convey. If a party who is not bound to specific performance may, by tendering performance, enforce a specific performance against the other party, he may, at his option, enforce the specific performance of any contract, though not bound to like performance himself. The judgment is

AFFIRMED.