DOROTHY v. HICKS ET AL.

1. **Practice**: DIVISION OF MISJOINED CAUSES: NEW PETITION IN SEPA-
RATE CAUSE: NECESSITY OF NOTICE. Action in three counts against the
three joint makers of three promissory notes. The first maker pleaded
that he was but surety on the first and third notes, and the second and
third makers pleaded that they were but sureties on the second note, and
judgment was asked accordingly; whereupon the plaintiff was allowed,
against the objections of the second and third makers, to dismiss the
cause of action on the second note as to the first maker, and, because
of the misjoinder of causes thus resulting, to file a separate petition
against the second and third makers upon the second note, to which
they were required to answer by noon of the succeeding day:—*Held* that
in this there was no error; (Code, §§ 2550, 2631;) that the defendants to
the new petition, being already in court on the same cause of action,.
could not demand the service of a new original notice, and that, if they
wanted more time to answer, they should have asked it of the court be-
low. ADAMS, J., *dissenting.*

2. **Promissory Note**: ACTION AGAINST PRINCIPAL AND SURETY: RIGHT
TO PURSUE SURETY ALONE. Where an action at law has been begun
against the principal and surety in a note, and the surety has set up the
fact of his suretyship and asked judgment accordingly, the plaintiff is
not by reason of such plea bound to pursue the alleged principal, but
may dismiss as to him, and pursue the surety alone, because, as to
plaintiff, both are principals, and he may pursue either or both.

*Appeal from Monroe District Court.*

THURSDAY, APRIL 10.

ACTION at law upon three promissory notes; judgment for
plaintiff on one of the notes, and defendants appeal.

*Perry & Townsend, H. W. Gleason*, and *John F. Lacey*,
for appellants.

*H. L. Dashiell*, for appellee.

SEEVERS, J.—There were three counts in the petition. The
first and third were on notes signed by Wm. Hicks, Aaron
Hicks and T. S. Tharp. The second count was on a note
signed by T. S. Tharp, Aaron Hicks and Wm. Hicks. Tharp

filed an answer, in which he admitted the execution of the notes, and pleaded that he was surety thereon only, and he asked that whatever judgment was rendered should be against him as surety, and the other defendants as principals. The other defendants pleaded a defense as to the notes declared on in the first and third counts, and as to the notes declared on. in the second count they alleged that they were sureties only, and that Tharp was the principal debtor, and asked that any judgment rendered should state who was principal and who was surety.

Upon filing this answer, the plaintiff dismissed the cause of action in the second count as to Tharp, to which the other defendants objected, for the reason that they were sureties only, and that such dismissal would prejudice their rights. The objection was overruled, and to the action of the court allowing the action to be dismissed, as just stated, the defendants excepted. Thereupon the defendants, Wm. and Aaron Hicks, filed a supplemental answer, in which they again pleaded that Tharp was the principal, and they sureties, on the note declared on in the second count, and that Tharp had not pleaded any defense thereto, and that, therefore, the plaintiff had the right to take a judgment, which would be a lien on a large tract of land owned by Tharp, and that they had demanded in open court that the plaintiff should cause such judgment to be entered, but that plaintiff, for the purpose of oppressing the defendants, dismissed the action against Tharp, and was seeking to obtain judgment against the defendants. To this defense there was a demurrer, which was sustained, and the defendants excepted.

• The defendants pleaded in another paragraph of their supplemental answer that, as the action against Tharp had been dismissed, there was a misjoinder of causes of action. To this paragraph a demurrer filed by the plaintiff was overruled. Thereupon the plaintiff asked and obtained leave to file a separate petition on the cause of action set up in the second count of the original petition, against the defendants Wm. and Aaron

Hicks, and the court directed that they should answer said petition by noon of the succeeding day. To this action of the court the defendants excepted, and, failing to answer as above required, judgment was rendered against them. The legal propositions discussed by counsel, and to be determined, are:

I. Did the court err in allowing a separate petition to be filed under the facts above stated? In effect, the court allowed

1. PRACTICE: misjoinder of causes: new petition on separate cause: necessity of notice.
a new action to be brought upon a cause of action embraced in the original petition. It cannot be said that a new and independent cause of action was stated or declared on in what is designated as the separate petition. The only difference between the latter and the original petition is that, in the separate petition, so called, a recovery is sought on the same cause of action contained in the original petition, against two, instead of three, persons, as was claimed in the original petition.

The parties against whom such judgment was asked had been brought into court by service of notice, and the action as originally brought was still pending against them. The plaintiff had the right to wholly dismiss the second count in the petition, and proceed to trial on the remaining counts; (Code, § 2631;) and he could have brought a new action on the cause of action declared on in the second count of the original petition, against the present defendants only, and brought them into court by the service of notice. Code, § 2550.

Now, this is precisely what the court permitted the plaintiff to do, except that he was not required to bring the defendants into court by the service of notice. As they were then in court, and were required to defend against this same cause of action, we do not see how they were prejudiced by the simple order requiring them to answer the new suit without the service of notice. It seems to us that to require notice to be served under such circumstances was not only unnecessary, but useless. If longer time to answer the petition was

desired than had been given by the court, the defendants should have asked that such time be granted. No complaint was made below that more time was wanted to answer the petition, and no such question can be presented here for the first time.

II. The next question is, whether the court erred in sustaining the demurrer to a part of the answer. As to the

2. PROMIS-
SORY note:
action against
principal and
surety: right
to pursue
surety alone.

plaintiff, all of the defendants were principals, although between themselves the defendants were sureties and Tharp the principal debtor, except for two purposes. If the defendants were sureties, they had the right, by giving the requisite notice, to require the plaintiff to bring suit, or permit them to do so. Code, § 2108. No such notice was given.

The defendants had the further right, if sued jointly with Tharp, to have the judgment state that they were sureties, and, in such case, Tharp's property must be first exhausted before they could be called upon. Code, § 3042. Whether such an order could have been made in this case, we have no occasion to determine, because no such relief was asked as to the last or separate petition. It is quite evident, we think, that the fact that the defendants were sureties only did not constitute a defense at law. Whether it would in equity, we have no occasion to determine.

AFFIRMED.

ADAMS, J., *dissenting.*—The majority say that "in effect the court allowed a new action to be brought upon a cause of action embraced in the original petition." The question presented is as to whether the persons named as defendants in the petition could properly be made parties to the new action without the service of notice upon them, and without their appearance in such action. It appears to me that they could not. The case does not come under section 2634 of the Code, because no motion was sustained on the ground of misjoinder of causes of action; and in my opinion the proceeding was irregular and unwarranted.