JOHN W. HALL, Appellant, v. SOPHIA GOTTSCHE, *et al.*

**Homesteads:** JOINDER IN DEED: *When not required on account of election.* Under Code, section 2974, providing that no contract to convey the homestead, if the owner is married, is valid, unless the husband and wife join in the contract, and section 2979, providing that the owner, husband and wife, may select a homestead, the owner, by agreeing to sell improved land, which might have been included in the homestead, but without which there is enough to constitute the full homestead exemption, elects to treat the remainder as a homestead, so that a joinder in the contract as to the part sold is not necessary.

*Appeal from Clinton District Court.*—HON. A. J. HOUSE, Judge.

TUESDAY, MAY 21, 1901.

ACTION for specific performance of contract to convey real estate, and for damages for breach thereof. Defendants, who are husband and wife, deny the execution of the contract, and allege that the premises claimed by plaintiff constitute a part of defendants' homestead, and that, if there was any contract by the wife to convey the same, it was void because not in writing and not executed by the husband jointly with the wife. Decree for defendants. Plaintiff appeals.—*Reversed.*

*Barker & McCoy* for appellant.

*J. Pingle* for appellees.

McCLAIN, J.—Plaintiff relies on a contract to convey a small tract of land, consisting of the rear end of two

city lots, which were at the time occupied by the defendants as a homestead, and which together exceeded in extent and value the limits of the homestead which may be held in a city. It does not appear whether the decree of the trial court against plaintiff was because of the insufficiency of the evidence to establish the contract, or for the reason that the contract was in violation of the statutory provision as to conveyance of the homestead. As to the evidence, which, on the part of plaintiff, tended to show an oral agreement with Mrs. Gottsche, made in the presence of her husband, and the payment of one dollar, for the purpose of taking the contract out of the statute of frauds, we think that, without question, it was sufficient to show that the contract was made. Indeed, Mrs. Gottsche admits in her testimony that the contract was made, but contends that the division separating the part to be conveyed from the remainder of the lots is materially different from that contended for by plaintiff; and she insists that, when she found what plaintiff claimed under the contract, she tendered back the one-dollar payment, and refused to be bound by the contract. Even Mrs. Gottsche does not claim, however, that the boundary line which she afterwards insisted upon when plaintiff demanded performance of the contract was ever agreed to by him; and, in view of the fact that some contract was made, we think that there is no question but that the boundary referred to in the contract was that claimed by plaintiff.

The only question of law involved is as to the validity of the contract, in view of the following section of the Code: "Sec. 2974. No conveyance or incumbrance of, or contract to convey or incumber the homestead, if the owner is married, is valid, unless the husband and wife join in the execution of the same joint instrument, whether the homestead is exclusively the subject of the contract or not, but such contracts may be enforced as to real estate other than the homestead at the option of the purchaser or incumbrancer." It

appears, without controversy, that there were no improvements on the portions of the lots claimed by plaintiff, and that such portions had not actually been used in any way in connection with the occupancy of the balance of the premises as a homestead, nor were they auxiliary to such use, and that the remaining portions of the lots exceeded in value and extent the homestead exemption allowed in cities. The proposition relied on by plaintiff is this: That where the owner of premises used as a homestead contracts to sell a portion thereof, not including the improvements, and leaving enough property in extent and value to constitute the full homestead exemption, such contract is not invalid because of the failure of the husband or wife to join in such contract, although the portion sold might have been included in the homestead, had the owner elected to do so. In other words, plaintiff contends that where the homestead has not been selected, and still constitutes a floating claim, which the owner may locate as he sees fit, with no restriction save that it must include the improvements, the conveyance of a portion of said premises constitutes an election to treat the remainder as the homestead, and will be valid, without the joinder of the husband or wife, provided the full homestead exemption is retained. It seems to us that this contention is sound. The statute does not require the location of the homestead by metes and bounds to be made by joint action of husband and wife, but provides that "the owner, husband or wife, may select the homestead and cause it to be platted, but the failure to do so shall not render the same liable when it otherwise would not be, and the selection by the owner shall control." Code, section 2979. The remainder of the section relates to the definite selection and marking off by monuments and recording of a description, but it is well settled that failure to plat and record does not defeat the homestead right. It certainly would be unreasonable to contend that where the tract very much exceeds in extent and value the

homestead exemption, if occupied by the owner as a home place, he cannot, without the joinder of the wife, convey any portion of the premises which could by any arrangement be included with the dwelling in the platting of the homestead. Inasmuch as the owner may select the homestead, we hold that, by conveyance, incumbrance, or contract, he may limit the selection to a portion of the entire tract not thus incumbered or disposed of. This ruling seems to be in accordance with our holding in *Allbright v. Hannah,* 103 Iowa, 98, and to be supported by the conclusion reached by the supreme court of Vermont, under similar statutory provisions, in *Thorp v. Thorp,* 70 Vt. 46 (39 Atl. Rep., 245). Our conclusion is also in harmony, we think, with the reasoning in *Grover v. Younie,* 110 Iowa, 446, where it is held that under Code, section 2906, providing that no incumbrance of personalty which may be held exempt from execution shall be valid unless made by a written instrument signed by the husband and wife, a mortgage of property which might be claimed as exempt will amount to an election by the owner to claim his exemption in other property of the same character, with the result that the mortgage on that which might have been claimed as exempt will be valid, if the extent of the statutory exemptions is not impaired. In the case of *Goodrich v. Brown,* 63 Iowa, 247, it was held that an incumbrance executed by the husband on one of two lots, the dwelling being on the other lot, was invalid, inasmuch as the dwelling might have been so situated that a portion of the lot incumbered was essential to the enjoyment of the other lot as a home. But in the case before us it clearly appears from the evidence that the portions of defendants' lots claimed by plaintiff under his contract are in no way essential to the convenience or comfort of the occupants of the homestead as such. However, without regard to this distinction between the two cases, we think that the change in the statute is controlling. The provision in section 2979 that the

selection by the owner shall control, which is found for the first time in the Code of 1897, seems to preclude any other construction than that the action of the owner alone, without the consent of the husband or wife, will be controlling where the question is as to selection.—Reversed.