Helen M. Pryne v. James T. Pryne, Henry M. Pryne, Viola Pryne, Appellants, Mary Webber *et al.*, Appellees.

**Void Homestead Deed:** *Valid as to other property included.* A deed invalid as to homestead under Code, section 2974, providing that no conveyance of or contract to convey the homestead is valid unless the husband and wife join in the same joint instrument but that such contract may be enforced as to real estate other than the homestead, is not, on that account, invalid as to other property included.

*Appeal from Benton District Court.*—Hon. G. W. Burnham, Judge.

Wednesday, February 12, 1902.

This is an action in equity, brought by the widow of one Aaron Pryne to partition certain real estate belonging to the estate of her said husband. The various heirs at law are made defendants, and their respective interests are set out in the petition. Viola Pryne, wife of Henry Pryne, one of said heirs is also made a defendant. James T. and Henry Pryne, defendants, answer, and claim title to the whole of the real estate mentioned, subject to plaintiff's dower right, under a conveyance from said Aaron Pryne. The other defendants and plaintiff by proper pleadings put in issue the validity of this conveyance. The decree of the trial court avoids the conveyance upon three separate grounds, which will be noticed in the opinion. James T., Henry, and Viola Pryne appeal.—*Affirmed.*

*Tom H. Milner* for appellants.

*Gilchrist, Whipple & Montgomery* for appellees.

Waterman, J.—Plaintiff is the third wife of Aaron Pryne, having been married to him in the year 1860. James

T. and Henry Pryne and Mary Webber are children of deceased by a former marriage. Harvey, Ivy, and Pearl Pryne are children of a deceased son, who was also born of a former marriage. Neta Brown is the child of a daughter born to deceased by plaintiff. Aaron Pryne died on May 4, 1898. Two days preceding he executed the conveyance in issue, which covered all the lands he owned, including his homestead, save a small and valueless tract; and he also transferred all his personal estate to his two sons, James T. and Henry. This conveyance is attacked on three grounds:

I. It is said to be invalid because the homestead was included, and the wife did not join in its execution. To avoid repetition, we shall dispose of the various issues as we state them. Section 2974, Code, provides that no conveyance of or contract to convey the homestead is valid unless the husband and wife join in the execution of the same joint instrument. But we take it this applies to the homestead only, and does not affect other real estate that may be included in the same conveyance; for the same section also provides: "Such contracts may be enforced as to real estate other than the homestead, at the option of the purchaser." While the attempted conveyance of the homestead was invalid, the deed was otherwise effective, unless impeachable on one of the other two grounds set up. As sustaining our conclusion, see *Hall v. Gottsche,* 114 Iowa, 147. We may add here that since the decree below. the grantees in said conveyance have filed a waiver of any claim to the homestead.

II. Another ground of the attack on this conveyance is that it was procured by undue influence. A careful reading of the evidence convinces us that this charge is founded only upon suspicion, arising from the relationship of the parties, the character of the conveyance, and the physical and mental condition of the grantor.

III. We come now to the last charge made, which is that the grantor was mentally incompetent to contract when he executed this instrument. Upon this issue the

testimony is in sharp conflict, and so voluminous that we do not feel warranted even in analyzing it in this opinion. We have reviewed it with all proper care, and our conclusion is the trial court was justified in holding the conveyance void on this ground. Many authorities have been called to our attention by counsel, but manifestly it is only a question of fact that we have to determine in this connection. The most that we could say in appellants' favor is that the testimony on this point, as it appears in the record, is in equipoise. Being so, the weight that naturally and properly attaches to the finding, even in an equitable action, of the trial court, who saw the witnesses, and noted their demeanor on the stand, and the manner in which they gave their testimony, should turn the scale in appellees' favor. —AFFIRMED.