HENRY H. GAGE *et al.*

*v.*

NORMAN P. CUMMINGS *et al.*

*Opinion filed April 20, 1904.*

SPECIFIC PERFORMANCE—*when contract cannot be specifically en-forced.* A contract to exchange lands cannot be specifically en-forced where part of the land agreed to be conveyed by one of the parties is owned by his wife, who is not a party to nor mentioned in the contract; and the fact that the wife, within the time of per-formance, executes a deed and places it with a trustee to be de-livered to the other party does not cure the lack of mutuality.

APPEAL from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

On July 30, 1902, Norman P. Cummings, one of the appellees, and Henry H. Gage, one of the appellants, entered into a written contract with each other for the exchange of certain land therein specifically described, Cummings to make conveyance to Mary B. Gage, and Gage to convey to either Cora C. Willett or said Cummings. Gage was also to pay the sum of $1000 cash and give a note for $5000, to be secured by trust deed on the property to be conveyed to him by Cummings. Each was to furnish the other, within five days, a complete abstract of the property showing good and merchantable title in the respective parties, and ten days were to be allowed to examine the title and sixty days to cure defects therein. All deeds were to be passed and negotiations closed at the office of the Chicago Title and Trust Company within five days after the titles should be found good, and the contract was to be held by that company for the parties thereto. The contract was signed by Norman P. Cummings and Henry H. Gage. The abstracts furnished showed title in Cummings to the property which he had agreed to convey, but showed title to part

of the property agreed to be conveyed by Gage to be in Mary B. Gage. On August 8, 1902, before the title to the Gage property had been examined by Cummings, Gage deposited with the trust company two warranty deeds to Cora C. Willett, as grantee, conveying all the property which he had by the contract agreed to convey, one of the deeds being from Gage and his wife to the property the title of which was in his name, and the other from Mary B. Gage, his wife, and Henry H. Gage, to the property the title of which was in Mary B. Gage, and at the same time deposited $1000 in cash with the trust company. He also gave the trust company written instructions that the deeds and money were to be delivered to Norman P. Cummings when Cummings should deliver a deed from himself and wife to Mary B. Gage for the property which he had agreed to convey.

On October 24, 1902, the appellants filed a bill in the superior court of Cook county against Norman P. Cummings, Annie A. Cummings and Cora C. Willett for specific performance of the contract. A demurrer interposed by Annie A. Cummings was sustained and the bill was dismissed by the court as to her. The other two defendants, who are appellees here, filed separate answers, to each of which appellants filed a replication. The evidence was taken in open court, and a decree was rendered finding that by reason of the fact that Mary B. Gage was not a party to the contract and did not sign the same, and therefore could not be held bound to convey the property the title to which was in her, there was such want of mutuality in the contract that the same ought not, in equity, be enforced against Norman P. Cummings, and dismissing the bill for want of equity. Complainants in the bill appeal to this court.

SIMEON STRAUS, for appellants.

ALFRED E. BARR, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is a contract between Norman P. Cummings and Henry H. Gage, and provides for the conveyance of real estate by each. Mary B. Gage is not a party to the agreement, and it contains no recital to indicate any purpose that she should be a party thereto. It is not a unilateral or option contract, but provides absolutely for the conveyance of all the real estate therein described. The title to a part of the real estate which Gage agreed to convey was vested in Mary B. Gage. It is apparent that as the rights of the parties existed when that contract was concluded, Cummings would have had no right, at any time, to enforce specific performance thereof because Mary B. Gage was not bound thereby, while it is apparent from the contract that the purpose was that the owner of all the real estate therein described should, upon the execution of the contract, be bound to convey, and not that Mary B. Gage, the owner of a part of that which Gage had agreed to convey, should have an option whether or not she would accept the contract. As the rights of the parties were fixed by that contract, barring the question of a lack of mutuality, Gage, at its maturity, would have had a right to enforce specific performance thereof against Cummings, while Cummings could not enforce specific performance against Gage, for the reason that Gage was not the owner of all the real estate which he had agreed to convey.

"A contract to be specifically enforced by the court must be mutual, that is to say, such that it might, at the time it was entered into, have been enforced by either of the parties against the other of them. Whenever, therefore, whether from personal incapacity, the nature of the contract or any other cause, the contract is incapable of being enforced against one party, that party is equally incapable of enforcing it against the other, though its execution in the latter way might in itself be free from the difficulty attending its execution in the former." Fry

on Specific Performance, sec. 286; Waterman on Specific Performance, sec. 196; 2 Beach on Modern Law of Contracts, sec. 885; Pomeroy on Contracts, (2d ed.) sec. 166; *Tryce* v. *Dittus,* 199 Ill. 189; *Beard* v. *Linthicum,* 1 Md. Ch. 345; *Duvall* v. *Myers,* 2 id. 401; *Luse* v. *Deitz,* 46 Iowa, 205.

Applying this test to the contract before us, it is apparent that the decree of the court below is correct, for the reason that under the contract as executed Cummings could not have specifically enforced the same against the owners of the real estate which Gage agreed to convey.

It is urged, however, that Mary B. Gage, within the time limited by the contract for the conveyance of the real estate by Henry H. Gage, executed her deed and placed it in the hands of a trustee, to be delivered to Cummings whenever he complied with the contract on his part, and that this was an acceptance of the contract on her part, and that thereafter it could have been specifically enforced by either party thereto. This contract was not one made subject to the acceptance or approval of Mary B. Gage, and therein it is distinguishable from a so-called option contract, which, in accordance with its terms, becomes binding as a contract for the purchase and sale of real estate between the parties only when the person entitled to exercise the option accepts, while the contract before us is one which, if binding upon the owners of the real estate as a contract of purchase and sale at all, must have been binding at the moment of its execution.

Appellants rely upon the case of *Dresel* v. *Jordan,* 104 Mass. 407. In so far as that case expresses views at variance with those hereinabove set forth, we deem it opposed to the great current of authority and to the better reason. Moreover, it is distinguishable in some respects from the case at bar, while *Luse* v. *Deitz, supra,* is exactly in point.

The decree of the superior court will be affirmed.

*Decree affirmed.*