WILLIAM LUTTSCHWAGER, Appellee, v. CARL FANK, Appellant.

**Real property:** CONTRACT FOR SALE: FRAUD: EVIDENCE. In an action for the recovery of the purchase money paid on the sale of real estate and to rescind the contract on the ground of fraud, the evidence is reviewed and held insufficient to show fraud.

**Same:** CONVEYANCE OF HOMESTEAD: RATIFICATION BY WIFE: ESTOPPEL. Under the statute providing that no conveyance or contract to convey a homestead of a married person is valid unless both husband and wife join in the execution of the same joint instrument, a contract of the husband alone is not absolutely void, but may be subsequently ratified by the wife. And where, as in this case, the vendee and scrivener both informed the wife that it was not necessary for her to sign the contract which she was willing to sign upon request, and where she did join in the deed which was placed in escrow at the time agreed upon, the contract became valid and binding, though not signed by her; and the purchaser was by his acts and representations estopped to claim its invalidity.

*Appeal from Hardin District Court.*—HON. R. M. WRIGHT, Judge.

THURSDAY, MARCH 9, 1911.

ACTION at law to cancel and set aside a contract for the purchase of real estate. The trial court granted the relief prayed, and defendant appeals. *Reversed* and *remanded.*

. *Charles A. Rogers* and *Wade, Dutcher & Davis,* for appellant.

*F. M. Williams,* for appellee.

DEEMER, J.—On the 8th day of October, 1909, the parties to this action entered into the following written contract:

Articles of agreement, made by and between Carl Fank, party of the first part, of Hardin county, state of Iowa, and William Luttschwager, of Hardin county, Iowa, party of the second part, made this 8th day of October, 1909, as follows: The party of the first part hereby agrees to sell to the party of the second part, on the performance of the agreements by the party of the second part, as hereinafter mentioned, all his right, title and interest in and to the real estate situated in the county of Hardin, state of Iowa, to wit: The northwest quarter of section 27, township 88, range 22 west of the fifth P. M., Hardin county, Iowa, for the sum of twenty thousand dollars, payable as hereinafter mentioned, and the party of the second part hereby agrees to and with the party of the first part to purchase all his right, title and interest in and to the real estate above mentioned for the sum of twenty thousand dollars, and to pay the said sum therefor to the party of the first part, his heirs and assigns as follows: Five hundred dollars on the execution of this agreement, and the balance of nineteen thousand five hundred dollars, March 1, 1910. First party agrees to pay one-half of the taxes for the year 1909, which will become a lien January 1, 1910, and the second party agrees to pay the last half of the taxes for the same year. Party of the first part agrees to furnish abstract of title, showing lawful title of record to said land to be in party of the first part. And upon the payment of the above said sum of money the party of the first part will execute and deliver to the party of the second part a warranty deed to the premises as above agreed, but if default is made in the payment thereof, then this contract may be declared null and void and any payments made declared forfeited, and the party

of the second part shall in that case have no claim against the party of the first part in law or equity, or to the real estate mentioned.   Possession to be given March 1, 1910.

Defendant was a married man, and for reasons hereinafter stated, his wife did not sign the contract.

Thereafter and on October 20, 1909, plaintiff caused to be served upon defendant the following notice:

Buckeye, Iowa, Oct. 20, 1909.   To Carl Fank:   You are hereby notified that I revoke and repudiate the contract for the purchase of the N. W. quarter of section 27, Twp. 88, and range 22, entered into on the 8th day of October, 1909, for the reason that your wife did not sign the same and its being your homestead, it is not binding, and for the further reason that the south 80 is not all tiled out, nor does the tile work good that is in, and the eighty is not tillable as represented by you; and I demand the return of the money paid to you, to wit, five hundred dollars, and that the contract be canceled.

On the same day he served an original notice of the bringing of this action.   This was followed by a notice signed by defendant, which was served upon plaintiff on October 22, 1909, reading as follows:

To William Luttschwager:   Sir, you are hereby notified that I, Mary Fank, wife of Carl Fank, of Buckeye township, Hardin county, Iowa, have signed the contract which was signed by you and my husband, Carl Fank, on the 8th day of October, 1909, and that I approve of the matters mentioned in the said contract and by signing said contract bind myself jointly with my said husband in the matters undertaken and agreed 'to by my said husband in the execution of the said instrument.   That I further am willing to sign the duplicate copy of said agreement which was held and delivered to you on said Oct. 8th, 1909, and will so sign said duplicate at any time that you may present same to me for my signature. You are further notified that I have this day joined with my husband, Carl Fank, in the execution of a warranty

deed to the premises described in the said contract and that said deed is now on deposit at the Bank of Buckeye, Iowa, to be delivered by said bank to you upon receipt of $19,500, according to the terms and condition of the said contract hereinbefore mentioned. That said deed runs to you and that abstracts of title as required by the said contract are also deposited with said deed to be delivered to you under the provisions of the said contract. You are further notified that I stand ready to perform any and all acts on my part necessary for the complete performance of the said contract on the part of said Carl Fank as fully and completely as if I, the wife of said Carl Fank, had signed said contract on the same day as did you and my said husband.

Petition was duly filed October 21, 1909, and plaintiff asked that the contract be set aside, canceled, and held for naught, because the wife did not sign the same, and for the further reason that before she had done anything indicating her intention to sign or be bound by it plaintiff had rescinded the contract, as he had a right to do. Plaintiff also asked to rescind because of alleged false and fraudulent representations made by defendant as an inducement to the sale.

The trial court decreed a rescission of the contract, because part of the land covered thereby was the homestead of the defendant and his wife; that the wife did not join therein and that plaintiff had rescinded upon this ground alone, before the wife had signed the contract or given any intimation that she would be bound thereby, or would sign a deed for the land. The decree was not based upon fraud or false representations. The appeal is from this decree and presents questions of both law and fact; the former not having heretofore been passed upon by this court.

The testimony is in sharp conflict on the issues of fact presented. Plaintiff claims and produced testimony to show that defendant represented, as one of the induce-

ments of the sale, that the farm was tiled out in good
shape and could be farmed from one end to
the other; that these statements were false
and untrue, and, as the contract was induced
thereby, it should be canceled and set aside.
All these matters are denied by defendant, and in this
denial he has support in the testimony. Defendant con-
tends and introduced testimony to show that on the day the
contract was signed he took his wife to town, in order that
the deal might be closed; that they met plaintiff and that
plaintiff said to defendant's wife, before anything was
done toward drawing the contract, in response to a question
as to whether or not she should sign the contract, that it
was not necessary for her to do so. Testimony was also
adduced to the effect that after the contract was drawn
by a banker in the presence of plaintiff and defendant, a
question arose as to who should sign it, and that both
plaintiff and the banker said it was not necessary for de-
fendant's wife to sign. Acting upon this advice defendant
alone signed the contract. These matters are denied by
plaintiff, and thus stand the fact issues.

It is conceded that a full warranty deed signed by
defendant and his wife, with abstracts of title, were de-
posited with the banker on October 22, 1909, for delivery
to plaintiff when he complied with the terms of his con-
tract. After a careful examination of the testimony, we
are forced to the conclusion that plaintiff has not estab-
lished the fraud pleaded by him. Indeed, we doubt if
any representations were made regarding the tiling of the
land, or the extent to which it could be farmed. But if
they were, it appears that defendant purchased the land
originally from plaintiff, and that plaintiff lived but a
short distance from the land and was perfectly familiar
with it. The extent to which it could be farmed was ap-
parent, and we are satisfied that plaintiff knew about how
much of it had been tiled. He was present when part of

*Note in margin:*

1. REAL PROP-
ERTY: con-
tract of sale:
fraud:
evidence.

it was being done and frequently exchanged work with defendant. But a very small part of the farm is unfit for cultivation, and the tile which was laid was put in with ordinary care and skill.

We are also satisfied that defendant's account of the reason why his wife did not sign the contract is correct; that is to say, a preponderance of the testimony shows that she did not sign, because both plaintiff and the scrivener who drew the contract told her it was unnecessary. No other reason for not signing is suggested. The wife consented to the sale, and she went to town with her husband the day the contract was to be completed to do whatever was necessary to complete the sale. Just as soon as she was informed that any objections were made to the contract because she had not signed, she gave notice that she would—and did, in fact—sign the contract, and thereafter signed a deed with her husband for the premises, which was deposited in escrow with the banker, to be delivered when the terms of the contract were complied with by the plaintiff.

Section 2974 of the Code reads as follows: "No conveyance or incumbrance of or contract to convey or incumber the homestead, if the owner is married, is valid, unless the husband and wife join in the execution of the same joint instrument, whether the homestead is exclusively the subject of the contract or not, but such contracts may be enforced as to real estate other than the homestead at the option of the purchaser or incumbrancer."

2. SAME: conveyance of homestead: ratification by wife: estoppel.

Now, while it has been said that such a contract signed by the husband alone is void, this is not exactly true, for we have held that it may be ratified. *Spafford v. Warren,* 47 Iowa, 47; *Corbin v. Minchen,* 81 Iowa, 682. Again, such contract has been recognized and enforced, when followed by possession taken by the purchaser and an abandonment of the homestead. *Winkleman v. Winkleman,* 79

Iowa, 319; *Drake v. Painter,* 77 Iowa, 731. Indeed, the statute itself recognizes the validity of such a contract for some purposes. See, as construing the section, *Pryne v. Pryne,* 116 Iowa, 82; *Hall v. Gottsche,* 114 Iowa, 147; *Townsend v. Blanchard,* 117 Iowa, 36. Also *Allbright v. Hannah,* 103 Iowa, 98; *Lamb v. Cooper,* 150 Iowa, 18; *Reilly v. Reilly,* 135 Iowa, 440; *Alvis v. Alvis,* 123 Iowa, 546.

*Epperly v. Ferguson,* 118 Iowa, 47, is quite in point upon the proposition now being considered. In that case we said:

This brings us to the final question of whether the contract may be avoided, because the wife did not sign it when it was signed by her husband and the defendant. The statute provides no conveyance . . . or contract to convey . . . the homestead . . . is valid, unless the husband and wife join in the execution of the same joint instrument. (Code, section 2974.)

It is conceded that if the wife had never signed this contract it would have been absolutely void. During the negotiations which culminated in the making of the written contract of sale, the wife was present, and not only took an active part therein, but further signified her desire to join with her husband in the sale and in the execution of the writing. This was fully understood by all parties. When the question was raised as to the effect of her failure to join in the instrument with her husband, she did sign the same contract, or one duplicate thereof, and immediately notified the defendant thereof, and offered to so sign the instrument which he held. She not only afterwards joined her husband in the contract, but executed jointly with him the deed which the contract called for. The statute does not require, and we are cited to no case which holds, that the validity of such a conveyance requires the execution of the contract or deed by both husband and wife at the same

instant of time, and it would hardly be contended that if the husband executed such a conveyance today, and the wife joined in the execution of the same instrument to-morrow, it would not be in compliance with the statute. Nor can it be said that her signature at a later date was such an alteration of the contract as to render it invalid. It is not contended that the defendant entered into this contract for the mere pleasure of having litigation there-over. When he bought, he understood that Mrs. Robb was a willing party to the sale, and that she was willing to do all that was necessary to make it a valid and binding one upon her; and it is undoubtedly true that, if her signature to the contract had been considered necessary to make it valid, it would have been insisted upon, and she would have readily joined her husband in the execution thereof. When, then, she did execute it, she was but carrying out or ratifying in a legal way a contract which she had already assented to, and one which all parties supposed was complete without her joining therein. Certainly, under such circumstances, the defendant can not justly raise his voice against her action. The statute under consideration is essentially one for the protection of the family, and a failure to comply strictly therewith does not constitute such a violation of law that attempted acts thereunder may not be ratified. By signing the same contract which her husband had signed, and by the joint execution of a deed, all within the time required by the contract for the conveyance of the land, we think there was a ratification of the contract, which the defendant can not complain of, and which gave to it such mutuality of character that he could have enforced it against his wife. *Spafford v. Warren,* 47 Iowa, 47; *Chamberlain v. Robertson,* 31 Iowa, 408; *Corbin v. Minchen,* 81 Iowa, 682; 2 Beach, Contracts, section 923. In *Luse v. Deitz,* 46 Iowa, 205, the contract was to convey land, the title to which was in another, and it was there held that there was no mutuality of contract,

because no conveyance could be forced. Robb and his wife had done everything in their power to comply with the contract of sale to the defendant. If the contract is imperfect because the wife's name does not appear in its body, she has ratified the contract and corrected that error by joining in a perfect deed, and the defendant can not be permitted to disregard his contract under these circumstances.

A somewhat similar question also arose in *Kettering v. Eastlack*, 130 Iowa, 498, and we said there:

> In the present case there was concurrent action of the husband and wife, not, it is true, at the time the contract to convey was executed, but before the contract had been repudiated on that ground, and before the time had arrived for conveyance under the contract, and at the date when conveyance should have been made husband and wife joined in the execution of deed which was duly tendered to defendants. The case clearly falls under the rule announced in *Epperly v. Furguson*, 118 Iowa, 47, and not within the rule of *Alvis v. Alvis*. The statute itself makes a distinction between a conveyance and a contract to convey. The latter is not for all purposes void, but the purchaser may elect to enforce it so far as it covers land not included within the homestead, while a conveyance which is not the result of the concurrent action and acquiescence of the husband and wife is valid for no purpose.

Something is said in this opinion about the wife's joining in the deed before the contract was repudiated, but that was not regarded as controlling. The decision draws a distinction between a contract to convey and a conveyance, and this distinction, we think, is entirely sound and fundamental. There is one general principle of equity which we think rules the case. The wife, although ready and willing to sign the contract, did not do so because of representations by the scrivener and of the plaintiff that it was not necessary for her to do so. As soon as objection was made on the ground that she did not sign, she did

all she could to correct it, and the husband who made the contract immediately placed himself in position to comply with his contract, and to make an absolutely good title at the time agreed upon. Equity will not permit one to take advantage of his own wrong, or permit him to take advantage of a situation which he himself brought about by his own conduct and representations. *Frey v. Stangl,* 148 Iowa, 522; *Wilson v. Weel,* 99 Va. 353 (38 S. E. 181); *Mutual Co. v. Brown,* 30 N. J. Eq. 193.

At the time when plaintiff had occasion to enforce the contract, which was on the 1st day of March succeeding its making, defendant was in position to comply therewith, and when objection was made to the form of the instrument it was immediately corrected and plaintiff notified thereof. A court of equity should not, under such circumstances, grant a rescission or annulment of the contract. To do so would permit the plaintiff to take advantage of a situation which he was instrumental in creating. If the rule contended for by appellee were to prevail, one might easily speculate at the expense of another without fear as to results.

The decree is wrong, and it should be and is reversed, and the cause remanded for one in harmony with this opinion. *Reversed* and *remanded.*