# John A. Carroll, Appellant, v. Margaret M. Leafgreen, Appellee.

## Gen. No. 16,244.

BROKERS AND FACTORS—*when commissions not earned.* If a broker be employed to effect a specified exchange of properties within a time stated to entitle him to his commission he must either within such time completely effect the exchange or else obtain a binding and enforceable contract by which such exchange may be effected.

Appeal from the Municipal Court of Chicago; the HON. EDWARD A. DICKER, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed May 20, 1912.

EDWARD MAHER, for appellant; BERNHARDT FRANK, of counsel.

LEE & LEE, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The appellant began a suit of the first class in the Municipal Court of Chicago against the appellee to recover commissions alleged to have been earned by him as a real estate broker in certain real estate negotiations. The issues were submitted to the Court without a jury and the Court found for the appellee, the defendant below, and entered judgment on the finding, and the appellant, the plaintiff below, appealed therefrom.

The appellant received from the appellee on the day of its date the following written instrument:

"CHICAGO, March 4, 1909.

I will trade the buildings 5410-12-14-16 Cornell avenue subject to a mortgage of $32,000 at 5½ for the northwest corner of Forty-sixth street and Woodlawn avenue—110 feet on Woodlawn avenue by 193 feet on Forty-sixth street, and $5,000 cash—each party to pay

his or her own taxes for 1908. This agreemet is based on a valuable consideration and is good for three days from date. I agree to pay the regular commission of 2½ per cent.

MARGARET M. LEAFGREEN.    (SEAL)''

On the same day Mr. and Mrs. L. D. Condee went to the said premises on Cornell avenue and were shown through the same by the appellee. On March 5, 1909, the said proposition to the appellant was accepted in writing by Mr. L. D. Condee, the husband of Martha J. Condee, the owner of said premises on Woodlawn avenue, and the appellee was advised thereof, but refused to agree thereto. An abstract of title to the Woodlawn avenue premises was subsequently tendered to the appellee and her counsel, who refused to receive same or do anything further toward consumating the proposed exchange, and on May 6, 1909, the appellant began this suit, seeking to recover a commission of 2½ per cent on $70,000.

On the trial Mr. Condee testified in regard to representing his wife: ''I was acting as her agent in this, as I always acted in all other matters.'' Mrs. Condee testified that Mr. Condee acted as her agent, and answered ''Yes sir'' to counsel's question, ''Were you ready, willing and able to carry out that agreement?''

The appellee's defense was that after receiving the acceptance by Mr. Condee, the counsel for the appellee examined the records and found the title of the Woodlawn avenue premises in Martha J. Condee, and the appellant, not carrying out the agreement, because the acceptance by Mr. Condee was not binding upon Mrs. Condee, the owner of the premises, there could be no recovery. The appellee relies solely upon the authority of Wilson v. Mason, 158 Ill. 304.

The appellant insists upon his right to recover commissions under the rule of law that a real estate broker is entitled to commissions when he furnishes a party

able, ready and willing to purchase the premises offered on the terms stipulated. In our opinion this rule is not applicable to the facts in the case at bar.

The appellee made the proposition to exchange her premises for certain other described premises on certain terms, stating under seal that the same was "based on a valuable consideration and is good for three days." The appellant was employed, not to find a purchaser in the market, but to accomplish the things required of him in compliance with the terms of the said proposition. If he performed the obligation devolving upon him under the said proposition, he thereby earned and was entitled to the commission therein agreed upon. If he did not perform his undertaking, he was certainly not entitled to recover.

What, then, is the construction of the proposition as to the appellant's obligation thereunder? Had he secured the actual exchange of the premises within three days from its date, on the terms therein expressed, there could be no question of his right to his commission; but we assume that it will be agreed that a fair construction of the proposition did not mean his commission depended upon the actual exchange of the said premises within said time. Did it mean that if he secured the agreement of one not binding upon the owner of the said Woodlawn avenue premises within the said three days, to make the exchange on the terms stipulated, he would thereby earn his commission? If the proposition be so construed, then, upon the securing of such unenforceable agreement within said three days, his commission would be earned and his right thereto fixed, and he could recover the same, although at any time thereafter, without any fault of the appellee, the owner of the Woodlawn avenue premises, without any reason, refused to carry out the contract of exchange. This was certainly not the meaning of the proposition.

It should be observed that the appellee did not ac-

cept the contract presented to her signed by Mr. Condee. Had she accepted the same, then under the authority of Fox v. Ryan, 240 Ill. 391-397, a different question would arise. On this question our view of the law is stated in an opinion of this date in Plummer et al. v. Pauler, *ante,* p. 317.

It seems to us that the proper construction of the said proposition required the broker, to entitle him to the commission therein agreed upon, to secure within three days an agreement binding upon the owner of the Woodlawn avenue premises to make the exchange of premises as therein provided. The appellant was not at liberty, under said authority given him, to secure an agreement to exchange some other premises or an agreement from some party not binding upon the owner of the Woodlawn avenue premises, but his undertaking was limited to the premises mentioned, and to secure an agreement not binding upon the owner thereof would not fulfill the terms of his employment.

Mrs. Condee was and had been for many years the owner of the said Woodlawn avenue premises, and the evidence heretofore quoted, that Mr. Condee was the agent of Mrs. Condee and that she was able, ready and willing to carry out the contract tendered by him, is not sufficient to prove that the same was binding upon and enforceable against Mrs. Condee, and she could not have been compelled to specifically perform same; Gage v. Cummings, 209 Ill. 120; Kuhn v. Eppstein, 219 Ill. 154; and we do not understand that the appellant contends that the said contract was enforceable against Mrs. Condee.

We conclude that under the terms of the appellant's employment he was obligated to effect an exchange of the said premises or to secure within three days a contract mutually obligatory upon the owners of the said premises to make the said exchange upon the terms proposed. Failing to perform the obligation

imposed, he cannot recover. Kerfoot v. Steele, 113 Ill. 610; Wilson v. Mason, 158 Ill. 304; Lawrence v. Rhodes, 188 Ill. 96.

The judgment is affirmed.

*Affirmed.*