**Emily Bell Maloy Webb, Appellant, v. William E. Hill and Walter Philp, Appellees.**

Opinion filed January 19, 1931.

June C. Smith, for appellant.

Curtis Williams and Gilbert & Gilbert, for certain appellee.

Mr. Justice Wolfe delivered the opinion of the court.

On February 15, 1922, the appellant and appellee William E. Hill entered into a contract in which Hill agreed to convey to the appellant the property in dispute in this suit, the property to be conveyed to the appellant when she had fully complied with the terms of the contract. Hill did not have title to the property, but had a contract of sale for the same with Walter J. Gilbert, the owner in fee. According to the contract Hill was not to receive title to the property until he had fully complied with the terms of his contract. Hill took possession of the property under his contract and continued to keep the same and operate the hotel thereon until February 15, 1922, the date that he entered into the contract with the appellant, Mrs. Webb; and on the same date Mrs. Webb went into possession of the property and has continued in possession of the same down to the date of this suit.

On April 10, 1923, Walter J. Gilbert assigned his copy of the contract which he had made with Hill on September 1, 1920, to one of the appellees, Walter Philp. On September 19, 1923, Walter J. Gilbert, the owner of the property in fee conveyed the same to appellee Philp by deed. Shortly after Philp had obtained the deed from Gilbert he and Hill went to the hotel and had a conversation about the property with Mrs. Webb. There is a dispute as to what took place during this conversation, but there is no question but that Philp had notice and knowledge that Mrs. Webb was in possession of the property and held it under a contract of purchase from Hill. Mrs. Webb continued her payments according to her contract and tendered to Hill $600 as a final payment on her contract and demanded a deed for the property. Hill had not kept up his payments under his contract with Gilbert and at the time of the demand by Mrs. Webb

for the deed to the property, he owed a balance of $6,000. Hill refused to make a deed for the property on the ground that he could not obtain title from Philp on account of his failure to make payment as required by the contract with Gilbert. Philp refused to make a deed to the property until all of the contract price had been paid to him under the contract between Hill and Gilbert, which had been assigned to Philp.

The appellant brought suit against the appellees in the circuit court of Jefferson county for the specific performance of the contract entered into by the appellee, Walter E. Hill, in which he agreed to convey the property to her. The court heard the evidence and found that the equities of the case were with the defendant and dismissed the bill for want of equity. The complainant excepted and prayed an appeal to this court and has perfected the appeal.

It is the contention of the appellants that, although there was no contract between the appellant and appellee Philp, yet, under the circumstances in the case, Philp should be ordered to specifically convey to the appellant the property in question. No case has been called to this court's attention where the facts are similar to the ones in this case; but our courts have repeatedly held that to justify an order requiring specific performance, all of the terms of the contract must be specifically followed. In the case at bar, the appellee Philps is not a party to the contract as between the appellant and Hill. In the case of *Gage v. Cummings,* 209 Ill. 120, 122, our court, in discussing the case of specific performance used the following language: ''A contract to be specifically enforced by the court must be mutual, that is to say, such that it might, at the time it was entered into, have been enforced by either of the parties against the other of them. Whenever, therefore, whether from personal incapacity, the nature of the contract or any other cause, the contract is incapable of being enforced against one party, that

party is equally incapable of enforcing it against the other, though its execution in the latter way might in itself be freed from the difficulty attending its execution in the former.''

There was no mutuality of contract between the appellant and the appellee Philp. We are of the opinion, that the chancellor properly ruled that the bill should be dismissed for the want of equity. The judgment of the circuit court of Jefferson county is hereby affirmed.

*Affirmed.*