(No. 30690.—

Vivian Cohen, Appellant, *vs.* Abraham Kosden *et al.,.* Appellees.

*Opinion filed January 19, 1949—Rehearing denied March 15, 1949.*

Charles A. Bellows, of Chicago, (Fay Warren Johnson, of counsel,) for appellant.

Harry A. Biossat, of Chicago, for appellees.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

This is an appeal by the plaintiff, Vivian Cohen, from an order of the superior court of Cook County which dismissed her complaint by which she sought specific performance of a contract for the sale of real estate.

The plaintiff's complaint as amended alleged that the defendants, Abraham Kosdon, B. LaPine and Idelle LaPine by B. LaPine, her husband and duly authorized agent, entered into a written contract not under seal with the plaintiff on November 9, 1945, for the conveyance of certain real estate to the plaintiff. A copy of the contract is attached to and forms a part of the complaint. The contract was signed by plaintiff and the defendants Abraham Kosdon and B. LaPine. It was not signed by Idelle LaPine either individually or by her agent. Likewise, it was not signed by the Liberty National Bank of Chicago, as trustee, which appears to be the owner of the premises and the party designated as seller in the contract. It consists of a printed form with a rider attached and by its terms Vivian Cohen agreed to purchase for the sum of $100,000 property located at 4031 Kenmore Avenue, Chicago, Illinois, the legal description thereof being set forth in said contract. Said contract recited that $5000 had been paid as an earnest money payment and provided that an additional $30,000 should be paid within five days after title was shown to be good and the balance of $65,000 should be paid by procuring a first mortgage in a sum not to exceed $60,000 and the balance of $5000 should be in the form of a second mortgage to the sellers payable in monthly installments. The contract also provided, "In the event the mortgage commitment cannot be obtained for the amounts herein specified within forty days from the date thereof this contract shall be null and void and the money refunded that was herein deposited and all parties are to be placed in status quo as if no contract was entered into."

It was further provided in the contract, "It is understood and agreed that the respective parties shall make immediate application for the first mortgage loan herein mentioned and execute such papers necessary for the purpose of obtaining a commitment for said loan." The complaint asked that specific performance of the contract be decreed and that damages be awarded the plaintiff.

The defendant answered setting forth that the plaintiff did not obtain a commitment for a loan by December 19, 1945, and that, therefore, the contract became inoperative and they denied that they agreed to any extension of time for obtaining such commitment. It was also denied that B. LaPine was the agent of Idelle LaPine.

The matter was referred to the master in chancery who conducted a hearing and subsequently filed his report recommending that specific performance be denied and that the complaint be dismissed for want of equity. Thereafter plaintiff's exceptions to the report were overruled and the report was approved and confirmed and the complaint was dismissed for want of equity at plaintiff's costs and this appeal followed.

A review of the evidence indicates that this property was held in trust by the Liberty National Bank of Chicago, as trustee, under a trust agreement dated August 2, 1943. This agreement provided that the interest of the beneficiaries should consist solely of a power of direction to deal with the title of the property and to manage the same and to receive rental income therefrom. It provided that the trustee would deal with the real estate upon the written direction of the owners of 75 per cent of the outstanding certificates of beneficial interest. Abraham Kosdon owns one half of the outstanding certificates of beneficial interest under this agreement and defendants B. LaPine and Idelle LaPine, as joint tenants with rights of survivorship, own the other one-half of the outstanding certificates.

On November 23, 1945, a joint order escrow in writing was entered into at the Chicago Title and Trust Company between Abraham Kosdon and Charles A. Bellows, attorney for the plaintiff, under which there was deposited with the title company the real-estate sales contract in duplicate and the sum of $5000, being the money theretofore paid by the plaintiff pursuant to the contract.

After the contract in question was made, it appears that Kosdon made numerous efforts to get a mortgage on the premises, but there is no showing as to what action was taken by the plaintiff to obtain a mortgage although it appears by the terms of the contract that both parties were to endeavor to obtain a mortgage. On December 17, 1945, two days before the expiration of the 40 days, Cooper, who was the real-estate agent handling the matter for the sellers, talked to Kosdon and informed him that he thought he could get a loan from a Mr. Cutler and subsequently on either December 18 or 19, Cooper talked to Kosdon and informed him that the plaintiff did not want to pay the full commission for obtaining the loan but was willing to stand one third thereof and that he, Cooper, was willing to stand one third thereof and he asked Kosdon to stand one third thereof to which Kosdon replied, "That is all right, it is only $200." The plaintiff signed a loan application with Cutler on December 18, 1945. However, a commitment for the loan was not received until January 4, 1946. On December 28, 1945, Kosdon addressed a letter to the plaintiff in care of her attorney informing her that the contract of November 9, 1945, had become null and void by its terms and that plaintiff was entitled to the return of her $5000 deposited with the Chicago Title and Trust Company. A few months after this suit was started, upon the request of the plaintiff, the said sum of $5000 was returned to her.

Plaintiff relies upon oral statements and conduct of Kosdon for proof of a waiver of the time limitation in the

contract. The testimony with reference to conversations had by Abraham Kosdon with the attorney for plaintiff and with Cooper, the real-estate broker, is very conflicting. David Canel, an attorney who represented the plaintiff in the purchase, testified that two days before the expiration of the time limitation to obtain a mortgage commitment he had a telephone conversation with Kosdon in which he inquired as to the necessity of a formal extension agreement extending the time for obtaining a mortgage commitment and that Kosdon said to him, "Let's see if the loan will go through and then we can do it. If the loan doesn't go through there is no agreement." Kosdon denies that he ever indicated orally that he or B. LaPine did consent to the extension of the time for obtaining a loan commitment. A careful review of the testimony of all the witnesses relative to any extension of time for obtaining a loan does not show any express agreement by Kosdon that the time for obtaining the loan should be extended and we do not believe that his conduct in that regard indicates that he intended to extend the time for obtaining a commitment. It should be borne in mind that even if his conduct did indicate that he was willing to extend the time for obtaining a loan, certainly his letter of December 28 left no doubt about the matter and since no loan commitment was obtained prior to his letter of December 28, in which he informed the plaintiff that the contract had become null and void, his conduct prior to that time could not have extended the time for obtaining a loan commitment beyond the date of his letter of December 28.

As we have pointed out above, we do not believe that the evidence indicated either an oral agreement to waive the time limitation or conduct indicating a waiver or estoppel on the part of the defendants.

Likewise, our review of the record does not indicate that either Kosdon or B. LaPine had any authority, express

or implied, to bind Idelle LaPine by the contract. A contract, to be specifically enforced by the court, must be mutual. At the time it was entered into this contract could not have been enforced by Vivian Cohen against the defendants because Idelle LaPine was not a party to the contract and the contract was not signed by The Liberty National Bank of Chicago, as trustee, who was the owner of the legal title to the property. In the case of *Gage* v. *Cummings*, 209 Ill. 120, the court had before it a contract for the exchange of real estate entered into by Cummings and Gage. Title to the real estate which was to be exchanged by Gage actually was in Mary·B. Gage, the wife of Gage. In that case we refused to grant specific performance on the ground that the contract was not mutual and could not be enforced because Mary B. Gage, the owner of the property, was not a party thereto.

In the case at bar, Idelle LaPine did not sign the contract and there is no conduct shown on her part indicating an acquiescence in the actions of her husband and Kosdon in negotiating the contract. Any representation in the matter of authority to deal in her behalf was made by her husband and by Kosdon; no representation was made by her to the plaintiff in this case.

We, therefore, conclude that this contract could not be specifically enforced because it was not mutual, and we also conclude that the time limitation had expired and that there was no oral agreement or waiver of the time limitation requirement for obtaining the mortgage commitment.

We have not considered the other errors relied upon for reversal, because, as we view this case, there can be no specific performance granted and no damages awarded the plaintiff because the contract lacked mutuality and was conditional. For the reasons stated in this opinion, the decree of the superior court of Cook County is affirmed.

*Decree affirmed.*